LITTLE v. NICHOLSON.   (No. 7227.)

(Court of Civil Appeals of Texas.   Galveston. May 31, 1916.)

HUSBAND AND WIFE ⊜⟶248 — COMMUNITY PROPERTY—INVALID MARRIAGE.

Where, when a man undertook by marriage ceremony to marry a woman, he had, as at all times thereafter, a living wife from whom he was not divorced, property purchased by him and the second putative wife from their joint earnings, the deeds naming both as grantees, was not at any time the community property of himself and such wife, but was the joint or partnership property of the two, so that the putative wife was not divested of her one-half undivided interest in such property by levy and sale under judgment against her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 880; Dec. Dig. ⊜⟶248.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Carrie E. Nicholson against R. N. Little. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Edward H. Bailey, of Houston, for appellant. Atkinson, Graham & Atkinson, of Houston, for appellee.

LANE, J. This is a suit in trespass to try title, filed by appellee, Carrie E. Nicholson, on April 24, 1913; appellee Nicholson in her original petition alleging that she and appellant, R. N. Little, each owned an undivided one-half interest in lots numbered 8, 9, 10, 11, and 12, in block No. 19, of West Houston addition to the city of Houston, Harris county, Tex., of the reasonable value of $1,000, and that appellant Little refused to recognize her one-half interest, and that on the 1st day of January, 1913, he entered upon said land and dispossessed appellee Nicholson therefrom, and has ever since the said last-named date continued to withhold from appellee the possession thereof, to her damage in the sum of $250. Appellant Little filed his original answer to said petition on October 16, 1913, which original answer is composed of a general demurrer, general denial, and a plea of not guilty, with prayer for judgment of the court that appellee take nothing by her suit, and for costs of court. On October 16, 1913, there was filed in said suit an agreement of the evidence, or a statement of the facts, on which said suit should be and was submitted for trial, said agreement of the evidence or statement of facts being duly signed by the attorneys of record of the parties to said suit, which

agreement of the evidence, or statement of facts, will be hereafter set out in full. On November 22, 1915, the case was tried before the court, a jury having been waived, and resulted in a judgment for appellee, Carrie E. Nicholson, for title and possession of an equal undivided one-half of said lots, and for costs of court.

By appellant's first and only assignment it is insisted that the trial court erred in rendering judgment in favor of appellee for a one-half undivided interest in property sued for, because such judgment has no support by facts agreed to by both parties to the suit; such agreed facts being all the evidence submitted.

The agreed facts upon which the case was tried are as follows:

"(1) That the property in controversy between plaintiff and defendant consists of lots numbered 8, 9, 10, 11, and 12, in block No. 19, West Houston addition to the city of Houston, in Harris county, Tex.

"(2) That plaintiff, Carrie Nicholson, was formerly known by the name of Carrie Howard. That on the —— day of ——, 1897, plaintiff in good faith went through a marriage ceremony with George W. Howard, believing that the said George W. Howard had the right to marry her, and knowing that there was no reason why she on her part was not free to marry him, and they subsequently lived together and held themselves out as man and wife until December, 1903, when the said Howard left the country and has not been heard from since. That plaintiff did not learn of his former marriage until 1904, after he left.

"(3) That at the time of said attempted marriage between the said George W. Howard and this plaintiff, the said George W. Howard had a lawful wife, named Hattie Howard, who resided in the town of Yelleville, Ark. and that he has never been divorced from said Hattie Howard.

"(4) That on June 3, 1902, a deed was made by Wm. E. Floyd and Adelia H. Floyd to the said George W. Howard and Carrie Howard to all of said property except lot No. 11.

"(5) That on June 21, 1902, a deed was made by J. S. Hansford conveying lot No. 11 to the said George W. Howard and Carrie Howard, and that said George W. Howard and Carrie Howard were both named as grantees in each of said deeds, and the consideration was paid from their joint earnings.

"(6) That on the 24th day of April, 1903, while plaintiff and the said George W. Howard were thus living together and holding themselves out to the public as man and wife in the city of Houston, Harris county, Tex., defendant, R. N. Little, loaned to the said George W. Howard the sum of $115. This note was secured by a lien on a barber shop belonging to said Howard, from which the sum of $35 was realized and credited on the judgment against Howard. That on the 3d day of November, 1903, this defendant sued the said Howard in the justice court of Harris county, Tex., precinct No. 1, on the note given for said $115, and on the 30th day of November, 1903, obtained a judgment against him for the sum of $126.70, and costs of court, amounting to $9.55, making a total of $136.25 on which execution was issued on the 11th day of December, 1903, and an abstract of judgment was duly filed and recorded in the judgment records of Harris county, Tex., on the 6th day of February, 1904, and on the 16th day of March, 1911, alias execution was issued out of said court against the said Howard, and on May 2, 1911, the constable of said precinct No. 1, Harris county, Tex., levied said execution on said property, and, after legal notice, sold all the right, title, and interest of the said George W. Howard in and to the said lots 8, 9, 10, 11, and 12, in block 19, West Houston addition to the city of Houston, Harris county, Tex., to this defendant, R. N. Little, and a deed thereto was executed by said constable to defendant, R. N. Little, and forthwith recorded in the deed records of Harris county, Tex. Said R. N. Little bid the sum of $50 at said sale, which was credited on his judgment against Howard.

"(7) The only question to be determined in this cause is as to whether said sale passed the title from this plaintiff to R. N. Little. The said R. N. Little claims that said land was community property between the said George W. and Carrie Howard, and subject to community debts, and that the sale as made passed the entire property to defendant, and plaintiff claims that she was a joint owner in said property, that, as there was never any marriage between her and the said George W. Howard, she had no community interest in said property, that the real wife, Hattie Howard, had a community interest in the half of said property which belonged to the said George W. Howard, and that the interest of plaintiff was that of a joint tenant or partner in acquiring said property, and that as there was no judgment of execution against her individually no title to her half of said property passed to the said R. N. Little at said constable's sale. This question is submitted for the consideration of the court."

In the case of Chapman v. Chapman, 32 S. W. 564, it is said:

"It being admitted that there was no divorce, the court cannot presume or find that there was, and hence Thomas Chapman was legally incapable of contracting a second valid marriage, and his connection with Emma Chapman, though assumed under the forms of a lawful and regular marriage, did not have any validity as a marriage. Under the laws of this state, a man cannot, while legally married to one woman, form a legal marriage with another. The earlier decisions as to the effect of putative marriages on property rights under the Spanish law are not applicable to attempted marriages entered into in this state since the adoption of the common law and our statutes regulating the subject. The opinion of Judge Walker in Routh v. Routh, 57 Tex. 589, in our judgment correctly states the law on this subject. The right given by our statutes to the survivor of a marriage to administer the estate of the deceased spouse and the property which belonged to them in common (Rev. St. arts. 2165, 2167, 2181) is given to him or her who is recognized by the law as the lawful husband or wife of the deceased, and, as appellant was never lawfully married to Thomas Chapman, she had not the right to administer in preference to any one else. For the same reason there was no community estate, such as is contemplated by the statute, between herself and the deceased. The community estate is created by law as an incident of marriage, and does not arise from contract between the parties. It is created by law only as between those who occupy towards each other the relation of husband and wife. Whatever may be the interest of parties related to each other as were appellant and Thomas Chapman, in property acquired during their connection, such interests do not constitute the community estate recognized by law to exist between the parties to a lawful marriage. If appellant had an interest in any of the property which was sought to be brought into this litigation, it was because she acquired right or title to it in some other way than by the mere operation of the statute under which the right to half of the property acquired by either husband or wife during marriage is vested in the wife. Such right

is given by law to the wife, as such, because she is the wife, and not because of the performance of services to the husband, or because she is permitted by her companion to assume the station and enjoy the other privileges belonging to a wife, where she is not such in law and fact. If appellant acquired the right to any of the property, or an interest in it, by the operation of other principles, it belongs to her in her own right, and needs no administration. There was no marital partnership between herself and Thomas Chapman such as the law establishes between husband and wife as resulting from marriage which needed winding up, and hence there was nothing upon which her claim to administer a community estate could rest. The only community estate was that of Thomas Chapman and appellee. The right to the appointment as administratrix of Thomas Chapman, as well as the right, as survivor of the marriage, to control the community estate, belonged to appellee, and appellant has no ground to complain that the court below so held."

It being admitted that at the time George W. Howard undertook by marriage ceremony, to marry and make appellee, Carrie Nicholson, his wife, and that at all times since said time, he had and has a living wife, from whom he has never been divorced, it is evident that the property in question was never at any time the community property of himself and Carrie Nicholson, but that it was the joint or partnership property of the two. This being true, appellee, Carrie Nicholson, could not be, and she was in fact not, divested of her one-half undivided interest in said property by the levy and sale under the judgment against George W. Howard. The purchaser at such sale acquired only the undivided interest of George Howard, or the community interest of Howard and his real wife, who resided in Arkansas from the time of the pretended marriage of Howard to Carrie Nicholson until the land in question was sold under execution to pay Howard's debt.

The deeds from W. E. Floyd and J. S. Hansford, by which the property in question was conveyed to George W. Howard and Carrie Nicholson, conveyed the land to such parties by naming both of them as vendees. Such conveyances were to such parties as partners, or joint investors, and not as husband and wife, and therefore the title to one-half undivided interest therein passed to and vested in Carrie Nicholson, of which she has not been divested by the sale under the said judgment against said Howard, and the court did not err in so holding and in rendering judgment for appellee.

The judgment of the trial court is affirmed. Affirmed.