Lenora MATHEWS, Appellant,

v.

Marion MATHEWS, Appellee.

No. 12993.

Court of Civil Appeals of Texas.

Galveston.

July 12, 1956.

John P. Spiller, Houston, for appellant.

Charles Crady, III., and Childress, Port & Crady, Houston, for appellee.

HAMBLEN, Chief Justice.

Appellee Marion Mathews filed this divorce suit against appellant Lenora Ma-

thews, seeking a divorce and division of community property. Appellant filed a general denial and a cross-action for divorce alleging that there was no community property. The District Court of Harris County, after a trial on the merits, granted appellant a divorce on her cross-action, but declared certain real property to be the community property of the parties and awarded each an undivided one-half interest therein. This appeal is directed only to that portion of the judgment adjudicating the property rights of the litigants, and seeks a reversal and rendition of that portion of the judgment.

The material facts are undisputed and reflect that appellant and appellee were legally married October 3, 1951. Approximately twenty-five years before that date they had been ceremonially married, apparently in the good-faith belief that they were legally able to contract such marriage. Following the ceremonial marriage, the real property here in dispute was acquired and occupied by them as a home. In 1950, appellee learned that he had never been divorced from, and was still married to, a wife identified as "Alma". He instituted a suit for divorce against "Alma" in Harris County, and obtained a divorce from her on September 17, 1951. The decree of divorce in that suit recites the existence of no community property. Jurisdiction over the defendant was obtained by written waiver of the service of citation and entry of appearance without contest of the allegations made.

On September 3, 1951, prior to his divorce from "Alma", appellee executed and delivered to appellant a deed conveying the real property here in dispute to her. The litigants, through counsel, differ as to the motive for this deed. Under any construction of the evidence, it was executed and delivered for the purpose of protecting appellant against any claim or interest which "Alma" might have in the property. The evidence is capable of the construction that the deed was executed for the purpose of defrauding "Alma".

After appellee obtained his divorce from "Alma", he and appellant were legally married as stated, on October 3, 1951. The legal record title to the real property now in dispute remained, by virtue of the deed from appellee, vested in appellant, and was so vested when this present suit was instituted.

Appellant's three points of error are to the effect that the trial court erred in finding and declaring the property to be community and in awarding each litigant an equal one-half interest therein. Appellee, by counter-point, seeks to support the judgment upon the theory that the property is "jointly owned" property because of a resulting or constructive trust which arose at the time of the conveyance from appellee to appellant. We are of the opinion that the judgment of the trial court is erroneous in so far as it declares the property to be community property, and that the judgment partitioning the property between the litigants cannot be supported in the face of that finding. However, we are of the opinion that the record contains evidence, which, if believed, may support the partition of the property between the litigants upon the theory of a resulting or constructive trust under the philosophy of Gray v. Mills, Tex.Civ.App., 206 S.W.2d 278, affirmed 147 Tex. 33, 210 S.W.2d 985. We use the words "may support" rather than "will support" because any support will necessarily depend upon fact determinations by the trial court, absent which we have only a moot question before us. Since it appears that the case may have been tried and adjudicated upon an erroneous proposition of law, we have concluded that justice will be subserved by a reversal of the judgment, in so far as it is appealed from, and a remand for retrial in accordance with the conclusions which we will state.

During the existence of his marriage to "Alma", appellee could not legally contract a marriage with appellant. At the time of the original acquisition of the dis-

puted property by these litigants, their marriage was putative. It appears to be established law, as this Court has twice held, that property acquired during a putative marriage is not community property. Chapman v. Chapman, 11 Tex.Civ.App. 392, 32 S.W. 564; Little v. Nicholson, Tex. Civ.App., 187 S.W. 506. In oral argument, and from the nature of his counter-proposition, appellee appears to concede this to be true. His argument in support of the judgment rests upon three propositions. He contends (1) That since no findings of fact or conclusions of law were requested and none were made, it must be presumed that the trial court made findings in support of the judgment upon any theory upon which, under the law, and the evidence, it can be supported; (2) That the pleadings and evidence support a finding that at the time of the conveyance from appellee to appellant, a constructive or resulting trust arose in appellee's favor; and (3) That a finding that a constructive or resulting trust arose establishes the disputed property as jointly owned separate property which, in a divorce suit, the trial court properly partitioned between the litigants.

■ Appellee's first proposition is a correct statement of law, but is inapplicable to this case. While it is true that no separate findings of fact were requested or made, the judgment of the trial court contains an unequivocal finding that the subject property is community property. In the light of that finding, we cannot presume that the trial court found the property to be jointly owned separate property.

■ Little v. Nicholson, supra, is authority for the proposition that property acquired during a putative marriage is jointly owned separate property of the parties. However, in the present case, appellee is confronted with a deed by which he purports to convey his interest in the property to appellant. He can escape the effect of that deed, if at all, upon the theory that the conveyance was in trust. While Gray v. Mills, supra, appears to be authority for

his contention that this record will support a finding of a constructive or resulting trust, it cannot be said that it compels such a finding. On the other hand, the finding by the trial court that the property is community property leads by necessary implication to the conclusion that the trial court disbelieved appellee's proof relative to a constructive or resulting trust. In any event, such finding prohibits any presumed finding of a trust relationship.

■ Appellee's third proposition relative to the jurisdiction of the trial court to effect a partition of jointly owned separate property between the parties to a divorce action appears to be supported by authority. The point, however, was not briefed by appellant, justifiably, we feel, under the state of the record. In any event, in view of the finding that the property is community property, the point is not before us on this appeal.

■ In addition to the fact determinations necessary to support appellee's propositions relative to a constructive or resulting trust, there exists the further question, essentially factual, as to the motive for his conveyance to appellant. It is a recognized principle in our jurisprudence that one who seeks equity must come into court with clean hands. We have already alluded to the fact that the evidence is capable of the construction that appellee's conveyance was made for the purpose of defrauding "Alma".

Under the record now before us, the trial court's judgment in so far as appealed from must be reversed. The record does reflect possible equities in appellee's favor. Justice appears to require a determination by the trial court of the facts upon which those equities must depend. It is, therefore, ordered that the judgment, in so far as appealed from, be reversed, and remanded.

Reversed and remanded.

CODY, J., not sitting.