[No. 2040]

ADAMS F. BROWN, IN THE MATTER OF THE PRIMARY ELECTION OF JUSTICE OF THE PEACE, RESPONDENT, *v.* JOHN H. DUNN, APPELLANT.

1. ELECTIONS—PRIMARY ELECTION—BALLOTS—RECOUNT—STATUTES.
   Rev. Laws, 1513, provides that the board of county commissioners shall act as a board of canvassers, and declare the general election returns, and that, when it shall appear from such canvass that any legislator, county or township officer voted for at such election has received a majority of ten votes or less, in such case, on the application of the defeated candidate, setting forth under oath that he has reason to believe that a mistake or mistakes have occurred on the part of the inspectors of the election in any election precinct or precincts, sufficient to change the result so far as the particular office is concerned, it shall be the duty of the board of county commissioners to immediately recount the ballots. This section was made applicable to primary elections by the primary election law of 1911, c. 167, sec. 14, amending Stats. 1909, c. 198, sec. 31. *Held,* that section 1513 did not authorize a recount before the courts, but left the parties free without a recount by the board to initiate such contests in the courts as might otherwise be prescribed by law.

2. ELECTIONS—PRIMARY ELECTION LAW—CONTEST—AFFIDAVIT.
   Rev. Laws, 1763, provides that whenever it shall be made to appear by affidavit to any justice of the supreme court or judge of the district court of the proper county that an error or omission has occurred or is about to occur in the placing of any name on an official primary election ballot, or that any wrongful act has been or is about to be done by any officer or board charged with any duty concerning a primary election, etc., such justice or judge shall order the officer or person charged with

the error to desist from the wrongful act or perform the duty or forthwith show cause why he should not do so. Section 1764 declares that any candidate at a primary election desiring to contest the nomination of another candidate for the same office may proceed by affidavit within five days after the completion of the canvass and the contestees shall be required to appear and abide the further order of the court. *Held,* that where a contestant for the nomination for justice of the peace in a township claimed that he was deprived of the nomination by mistakes in counting the ballots in certain precincts, he was entitled to initiate a contest by affidavit before the district court under such sections, regardless of his right to a recount by the board of county commissioners as is provided for by section 1513.

3. ELECTIONS—CONTEST—PRIMARY ELECTIONS—PROCEDURE.

Rev. Laws, 1764, providing that any candidate at a primary election desiring to contest the nomination of another candidate for the same office may proceed by affidavit, etc., was a special law relating to primary election contests, which control as to them, the provisions of the civil practice act requiring that there shall be but one form of action and for the requisites of a complaint therein.

4. ELECTIONS—PRIMARY ELECTION—CONTEST—OFFICIAL RETURNS.

Where a primary election contestant attacks the returns in more precincts than can be recounted within the period limited under the primary law, the original returns will stand under the presumption that they are correct, in precincts where the ballots are not recounted.

5. ELECTIONS — PRIMARY ELECTION— CONTEST—AFFIDAVIT—FORM— NAMES OF PARTIES.

An affidavit initiating a primary election contest was not fatally defective because it did not name the parties to the contest in a title or heading, where the body of the affidavit clearly showed who were the parties in interest.

6. ELECTIONS—PRIMARY ELECTION—CONTEST.

An affidavit initiating a primary election contest alleging that the petitioner had reason to believe, and did believe, that mistakes had occurred in counting ballots in specified precincts sufficient to change the result of the election, was sufficient to secure a recount before a judge of the district court.

7. ELECTIONS—PRIMARY ELECTION—CONTEST—PETITION—PRAYER.

An affidavit for a primary election contest before a judge of a district court, praying that all the ballots cast in the precincts objected to for the particular office might be recounted, and for such further relief as the court might seem meet and proper, was sufficient.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Mark R. Averill,* Judge presiding.

Primary election contest by Adams F. Brown against John H. Dunn and another, to determine the nomination for the office of justice of the peace of Goldfield township. Judgment for contestant, and defendant Dunn appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*P. F. Carney* and *J. F. Kunz*, for Appellant:

No parties plaintiff or defendant are designated and the petition should have been dismissed. (*Mexican Mill* v. *Yellow Jacket M. Co.*, 4 Nev. 40; *Whitney* v. *Blackburn*, 21 Pac. 876; *Little* v. *Water Co.*, 9 Nev. 318; 31 Cyc. 631.)

A general averment of election mistakes or frauds is insufficient. The facts relied on must be alleged. (*Todd* v. *Stewart*, 23 Pac. 426; *Robertson* v. *Board*, 79 Pac. 97; *Homer* v. *Howell*, 86 Pac. 1077; *Shorts* v. *County*, 23 Pac. 84; *Clanton* v. *Ruan*, 24 Pac. 255; *Gillespie* v. *Dion*, 44 Pac. 958; *Balterton* v. *Fuller*, 60 N. W. 1071; *Oxley* v. *Allen*, 107 S. W. 944; *Ham* v. *Buck*, 47 S. 126; *Lowry* v. *Cheatham*, 62 S. E. 226; *Leonard* v. *Woolford*, 46 Atl. 1026; *Edwards* v. *Logan*, 70 S. W. 852; 15 Cyc. 405.)

Where an election is held by duly appointed officers, the presumption is that votes cast and counted are legal. (*Harris* v. *Palmer*, 108 Pac. 385.)

If the contestant was entitled to any relief, his remedy was by *mandamus* to compel the county commissioners to perform the duty which he requested of them. (*Metz* v. *Maddox*, 82 N. E. 507; Rev. Laws, 1513.)

*Thompson, Morehouse & Thompson*, for Respondent.

*Per Curiam:*

At the primary election held September 3 in Goldfield township, as candidates for the Democratic nomination for justice of the peace, Marvin Arnold received 278 votes, Adams F. Brown 287 votes, and John H. Dunn 288 votes, according to the canvass of returns made by the board of county commissioners on September 7. Thereupon Adams F. Brown gave notice in writing to the

board that he would demand a recount of the ballots cast at the primary election on the following Monday, which would be within five days after the making of this canvass, and the board of county commissioners, then and there made and entered an order to the effect that they thereby refused, and would refuse, to grant a recount of the ballots cast at the primary election. On September 9 Adams F. Brown filed in court the following document:

"In the District Court of the Seventh Judicial District, State of Nevada, in and for the County of Esmeralda. In the Matter of the Office of Justice of the Peace of Goldfield Township, Votes at Primary Election—Petition and Affidavit. Respectfully represents your petitioner, Adams F. Brown, that he is, and has been for several years last past, a duly qualified elector of the Second precinct, residing at 314 East Crook Avenue in the township of Goldfield in the county of Esmeralda and State of Nevada; that a primary election was held on Tuesday the third day of September, A. D. 1912, and at said election candidates were voted for in said Goldfield to be nominees of the various political parties, to be voted for at the next general election for the office of justice of the peace of said Goldfield township, and that your petitioner was one of the candidates so voted for; that on the seventh day of September the county commissioners made a canvass of the returns and announced that on the Democratic ticket for said office Marvin Arnold had received 278 votes, Adams F. Brown 287 votes, and John H. Dunn 288 votes, whereupon your petitioner gave formal notice of a request for a recount, which request the county commissioners upon the advice of John F. Kunz, deputy district attorney, refused to grant; that your petitioner has reason to believe and does believe that a mistake or mistakes have occurred on the part of the inspectors of election in precincts 1, 2, 3, 4, 5, 6 and 7, in said Goldfield sufficient to change the result of said election so far as said office is concerned. He therefore respectfully prays that all the ballots cast in said precincts for said office may be recounted and for such

further relief as to the court may seem meet and proper. Dated this ninth day of September, A. D. 1912. Adams F. Brown, Petitioner."

John H. Dunn moved to dismiss, moved to quash, and demurred to the petition and affidavit, on the grounds that there is a defect in the parties plaintiff and defendant; that no parties plaintiff or defendant are designated in the caption of the petition and affidavit; that the facts alleged in the petition and affidavit are insufficient to give the court jurisdiction or to warrant the making of an order granting any relief thereon; that the validity, accuracy and truth of the canvass of the returns or declaration of the election cannot be put at issue by vague, general, and indefinite charges such as those made in the petition; that the petition and affidavit shows upon its face that the contestee, John H. Dunn, received a plurality of all the votes cast; that the court is without jurisdiction to correct any mistakes of the count upon the facts alleged in the petition; and that the prayer of the petition and affidavit prays for no relief. The motions and demurrer were overruled.

An answer was filed, alleging, among other things, that on the 7th day of September, 1912, there was issued to John H. Dunn, by the board of county commissioners, sitting as a board of canvassers of the votes at the primary election, a certificate of nomination on the Democratic ticket for the office of justice of the peace of Goldfield township, which was filed with the county clerk; admitting that Adams F. Brown filed a notice of intention to make a demand or application for a recount before the board of county commissioners of all the ballots voted in the primary election; denying that Adams F. Brown made any application to the board of county commissioners, sitting as a board of canvassers, setting forth under oath that he was a defeated candidate for such office, or that he had reason to believe, or did believe, that a mistake or mistakes had occurred on the part of the inspector or inspectors of election in any precinct or precincts sufficient to change the result of the election, or that any

demand sufficient in law was made upon the board of canvassers; denying that the petitioner, Adams F. Brown, has reason to believe, or does believe, that mistakes have occurred on the part of the inspectors of election sufficient to change the result, and alleging that the contestee has reason to believe, and does believe, that no mistakes have occurred on the part of the inspectors of any of said precincts sufficient to change the result of the election.

The answer also states: "And for further answer, contestee, John H. Dunn, states that that part of section 1513 of the Revised Laws of the State of Nevada which purports to give the right of a recount of the ballots to a candidate having less than ten votes than his opponent is unconstitutional for the reason that said subject-matter relative to getting a right of contest is not germane to the subject-matter interposed, and the title of the act being as follows: 'An act to create a board of county commissioners, in the several counties of this state, and to define their duties and powers.' And he further states that this proceeding is an attempt to substitute the district court to perform and for the performance of a ministerial duty by statute given to the county commissioners, sitting as a board of canvassers of election returns, all of which is contrary to law."

It was stipulated in open court by all the parties in interest that Marvin Arnold should be permitted to participate in the contest, and should be considered as having filed the same papers and made the same objections, motions, and exceptions as John H. Dunn. The court recounted the ballots, and found that of the legal votes cast for the nomination for candidates on the Democratic ticket for justice of the peace of Goldfield township Adams F. Brown received 270, Marvin Arnold 268, and John H. Dunn 267. After finding that Adams F. Brown was the duly elected and qualified Democratic candidate for justice of the peace in and for Goldfield township, to be voted for at the election to be held November 5, 1912, the court made its order and judgment accordingly, and decreed that the certificate of election issued to John

H. Dunn by the board of county commissioners was void, and that he be restrained from using it for any purpose, and commanded the county clerk to issue to Adams F. Brown, as the Democratic nominee, a certificate of nomination for the office of justice of the peace for Goldfield township, and that the clerk file the same in his office and cause the name of Adams F. Brown to appear upon the official ballot for the general election as such candidate, and to keep the name of John H. Dunn off the official ballot.

It is urged that the motion of the contestee, John H. Dunn, to dismiss the petition upon the ground that no parties plaintiff or defendant were designated, and that no demand was made for relief in the prayer of the petition and affidavit, ought to prevail; that the allegation regarding the making of mistakes in the counting of the ballots is insufficient, and that no facts are stated warranting the granting of relief; that the petition and affidavit does not allege that a demand under oath as required by section 1513, Revised Laws, was made for a recount; that, where an election is held by the duly elected officers, the presumption is that the votes cast and counted are legal; that the certificate of nomination received by John H. Dunn in the course of proceedings, as provided by statute, is presumed to be regular in every respect; that, if the contestant was entitled to any relief by reason of the refusal of the board of county commissioners to recount the ballots, his remedy was by *mandamus* to compel them to perform the duty, and that the court is not authorized to perform the acts of a board of canvassers.

Section 1513, Revised Laws, passed in 1865 and amended in 1877 and 1879, long before the enactment of our primary election law, which was passed in 1909, provides that the board of county commissioners shall act as a board of canvassers and declare the general election returns, and that when "it shall appear from such canvass that any legislator, county or township officer voted for at

such election has received a majority of ten votes or less, in such case, upon the application of the defeated candidate, setting forth under oath that he has reason to believe and does believe that a mistake or mistakes have occurred on the part of the inspectors of election in any election precinct or precincts, sufficient to change the result so far as the office is concerned, it shall be the duty of the board of county commissioners to immediately proceed to recount the ballots," and declare the result and issue a certificate of election to the party entitled; "*and provided further*, that nothing herein contained shall prevent either party to said proceeding to contest the right to said office in the courts in the manner now prescribed by law."

[1] If this provision for a recount of the ballots in cases where there is a majority of ten or less is not exclusive, or if any section of the law authorizes a recount or review by the court, it is not necessary to determine whether under section 1765 of the Revised Laws, which is section 31 of the recent primary law (Stats. 1909, c. 198) as amended in 1911 (Stats. 1911, c. 167), and which states that all provisions of the law governing elections, except as otherwise provided, shall apply in equal force to primary elections, authorizes a recount by the board of county commissioners. As they did not recount, and this is not a proceeding to compel them to recount, the question as to whether they would be required to recount the ballots in a primary election when a candidate received a majority of ten or less, as they are authorized to do in regard to a general election, is not directly involved in this case. The legislature has made a liberal rule in regard to the allegations of the affidavit for a recount under section 1513, by directing that the contestant may state that he has reason to believe, and does believe, that mistakes have occurred which would change the result. But that section does not attempt to authorize a recount before the courts, but leaves the parties free to initiate such contests in the courts as may be otherwise prescribed by law.

[2] It is provided in the primary election law (Rev. Laws, 1763) that "whenever it shall be made to appear by affidavit to any justice of the supreme court, or judge of the district court of the proper county, that an error or omission has occurred or is about to occur in the placing of any name on an official primary election ballot, * * * or that any wrongful act has been or is about to be done by any judge or clerk of a primary election, county clerk, registrar of voters, canvassing board or other person charged with any duty concerning the primary election, or that any neglect of duty has occurred or is about to occur, such justice of the supreme court or judge of the district court shall order such officer or person charged with such error, wrong or neglect to forthwith correct the same, desist from the wrongful act or perform the duty, or forthwith show cause why he should not do so." Section 1764 provides: "Any candidate at a primary election desiring to contest the nomination of another candidate for the same office may proceed by affidavit within five days after the completion of the canvass as provided in section 23 of this act. And the contestee shall be required by the order of such justice of the supreme court or judge of the district court to appear and abide the further order of the court." Under these sections the contestant was authorized to initiate a contest by affidavit before the district court, regardless of whether he was entitled to a recount by the board of county commissioners.

[3] The contention that the sections of the civil practice act providing for one form of action and for the requisites of a complaint control this proceeding, if allowed, would tend to eliminate this clear provision enacted by the legislature for a contest by affidavit. As the rule is well settled that, as to the matter to which it relates a special law controls a general one, these provisions of the primary election act for initiating contests by affidavit, being special, are in force, and cannot be ignored by the court, and are not controlled or eliminated by general provisions of the civil practice act providing

for a formal action and the necessary requirements relating to parties and the allegations of the complaint. As the time is short in which a contest may be conducted and errors corrected relating to a primary election, it is apparent that the legislature believed that necessity or good reason existed for providing a summary and speedy proceeding by affidavit. As a ground for holding that no recount of the ballots cast at a primary election should be allowed, it is said that in some cases, such as ones where error is claimed in the various precincts of the state, there would not be time to recount all the ballots and determine the contest.

[4] If the contestant attacked the returns in more precincts than could be recounted within the period available under the primary law, the original returns would stand under the presumption that they were correct in precincts where the ballots were not recounted.

[5] Although more properly the names of the parties to the contest might have been inserted in the title of the petition and affidavit, we do not think this was a fatal omission, for the body of the affidavit shows clearly who the parties in interest are, and that under section 1764 the petitioner, Adams F. Brown, was entitled to bring the contest against the other candidates for the same office named in the petition and affidavit.

For two reasons the case of *The Proprietors of the Mexican Mill* v. *Yellow Jacket Silver Mining Co.*, 4 Nev. 40, 97 Am. Dec. 510, upon which contestee relies, is distinguishable. In that case the action had to be brought by complaint, and there was no provision for allowing a proceeding to be initiated by affidavit, and the names of the parties in interest could not be discerned either from the title or the body of the complaint, while here they are shown in the affidavit.

[6] The allegation that the petitioner has reason to believe, and does believe, that mistakes have occurred sufficient to change the result of the election, is somewhat in the nature of an allegation upon information and belief in a complaint; and, as the legislature has provided

in section 1513 that such an allegation is sufficient to secure a recount before the board of county commissioners of the ballots cast at a general election, and has provided a summary proceeding for a primary election contest, we conclude that such an allegation is sufficient for the securing of a recount before a judge or court of the ballots cast at a primary election. It may be difficult for the contestant to state in detail the particular ballots or the number which he is informed or believes have not been properly counted.

[7] In such a summary proceeding, we consider sufficient the prayer of the petition for the recount of the ballots, and for such further relief as to the court may seem meet and proper. The same formality is not required as in a complaint in an ordinary action under the provisions of the civil practice act.

Section 5476, Revised Laws, provides: "An affidavit, notice, or other paper, without the title of the action or proceeding in which it is made, or with a defective title, shall be as valid and effectual for any purpose as if duly entitled, if it intelligibly refer to such action or proceeding."

In *State* v. *Mining Co.*, 13 Nev. 195, affidavits filed for the purpose of setting aside the default in an action which was simply entitled, "State of Nevada, Storey County," it was held that, as they intelligibly referred to the action, the fact that they were not properly entitled was immaterial. Section 5066, Revised Laws, provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect."

In *Sweeney* v. *Schultes*, 19 Nev. 58, it was held that the general tendency of the decisions is to look with disfavor upon mere technical objections which relate solely to the form of the proceedings, and where it is apparent that the error is one which has caused no substantial injury to the party complaining.

In *Prezeau* v. *Spooner*, 22 Nev. 88, it was held that, where no substantial right can be affected by an error occurring in the lower court, both law and common sense require that such error be disregarded. This court has followed the same liberal rule in criminal cases under sections 7302 and 7469, and in decisions cited under those sections.

The contestee has referred us to cases holding to a strict rule regarding allegations, and that no action will lie to contest a nomination shown by the canvass of the primary election; but these decisions are from states without statutory provisions like ours providing for such contests. On the other hand, contestant has cited cases favoring a liberal rule in regard to allegations and contests, which we think are more in accord with our statute.

No error is claimed as to recount of ballots, or that the nomination as ordered is not in accordance with the will of a majority of the voters.

The order and judgment of the district court are affirmed.