## Price v. Russell.

## Coleman v. Morgan.

(Decided September 26, 1913).

### Appeals from Logan Circuit Court.

1. Elections—Primary—Contest—Time of Instituting.—Under the primary election law, the five days allowed for instituting the contest, must be counted from the issuing of the certificate, including the day on which the certificate is issued.
2. Elections—Notice of Contest—Service of.—The notice of contest must not only be put in the hands of the sheriff within five days, but it must be served on the defendant within that time, unless he absents himself or otherwise prevents the service. If the notice is not served in time, the proceeding cannot be maintained.
3. Trial—Special Judge—Presumption that Governor Acted Properly in Appointing.—It will be presumed that the Governor acted properly in sending a special judge to try a case nothing else appearing. Ordinarily the clerk may notify the Governor when notified by one of the parties that the parties cannot agree on an attorney to preside.

4. Elections—Primary—Judgment of Court of Appeals is Final—Correction of.—In primary election contests the judgment of the Court of Appeals is final when entered and the result will be certified directly to the proper officers. But the court will correct any error thereafter on reasonable application.

J. F. VANARSDALL, J. T. WILSON, W. W. STEPHENSON for appellant Coleman.

S. R. CREWDSON and TRIMBLE & BELL for appellant Price.

C. E. RANKIN, E. H. GAITHER and E. M. HARDIN for apepllee Morgan.

G. T. FINN for appellee Russell.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

These two appeals involving the same question will be determined together. Section 28 of the Act of March 5, 1912, providing for primary elections, contains the following provision as to the contesting of such elections:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the Election Commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof." (See Acts 1912, p. 71.)

In the first case Vernon Price instituted a contest against George C. Russell. They were each candidates for the Democratic nomination for county clerk of Logan county at the primary election held on August 2, 1913. The certificate of nomination was awarded to Russell on August 5; the notice of contest was delivered to the sheriff at 4:10 p. m. on Saturday, August 9th, and he not finding Russell on that day, delivered a copy to him at 8:30 a. m. on August 11th.

In the second case Clel Coleman sought to contest the nomination of John Morgan, as the Democratic can-.

didate for sheriff of Mercer County. The certificate of nomination was issued to Morgan on August 11, 1913. The notice of contest was placed in the hands of the sheriff at 5:30 p. m. on August 15, and was served by the sheriff on August 16.

There is no contention in either case that the defendant absented himself or in any way obstructed the service of the notice. The single question to be determined in each case is, was the notice in time? The circuit court dismissed both proceedings on the ground that the notice was not in time; and the contestants appeal.

It will be observed that in each case, if the day on which the commissioners awarded the certificate of nomination is counted the five days allowed by the statute expired before the notice was served. The rule is settled in this State by a long line of decisions that where time is counted from the day, the day is not included, but that where it is counted from an act, the day on which the act is done, is included. In Batman v. Megowan, 1 Met., 533, the court had before it a statute which required that notice of contest should be given within ten days after the board issued the certificate. The final action of the board occurred on the sixth of the month; the notice of contest was executed on the sixteenth. It was held that the day on which the commissioners acted must be counted and that the time for serving the notice expired on the fifteenth. That case has been followed uniformly since. (Long v. Hughes, 1 Duv., 388; White v. Crutcher, 1 Bush, 473; Newton v. Ogden, 126 Ky., 106, Lowry v. Stotts, 138 Ky., 253, and cases cited.)

It is insisted that the statute which was there before the court required the notice to be given within ten days after the final action of the board, while the statute here in question requires the notice to be given in five days from the time the election commissioners shall have awarded the certificate. But we cannot see that there is any substantial difference in the statutes. The awarding of the certificates is an act. To say that the notice must be given in five days from the time the election commissioners awarded the certificate, is to say that it must be given within five days after the act. The sense is not changed by the use of the word "time." The meaning would be precisely the same if the statute had required notice to be given within five days after the election commissioners shall have awarded the certificate.

It is also insisted that the contestant should not be prejudiced by the failure of the sheriff to execute the notice on the day he received it; that when he prepared his notice and gave it to the sheriff to execute, he had done all he could do. It is pointed out that when a petition is filed, and summons issued in good faith, an action is begun, and that the failure of the sheriff to serve the summons promptly does not affect the plaintiff. But the right to contest a primary election comes entirely from the statute, and the Legislature in conferring the right could confer it upon such terms as it saw fit. It has seen fit to make the service of notice in five days, a condition precedent to a contest; for notice in writing of the contest is not given to the person whose nomination is contested until the notice is served on him. The statute is unambiguous. The giving of the notice in writing to the person whose nomination is contested within five days is a condition precedent to the right of contest. If the notice is not given the right fails. The Legislature might have provided for the filing of a petition in five days, and the service of a summons issuing on it, but it did not do so, and we are powerless to add to the words of the statute. (15 Cyc., 402.)

If the contestee should conceal or absent himself, or in any other way obstruct the service of the notice, a different question would be presented; for a man is never allowed to profit by his own wrong, and he who prevents the execution of a process in time, will not be heard to object that the process was not served sooner.

In the second case, objection is made that the circuit judge who tried the case by direction of the Governor, had not the power to act. It is insisted that before the Governor can designate a judge to try a case, where the circuit judge of the district can not preside it must appear that the parties are unable to agree upon an attorney to act as judge. Section 2 of the Act of 1912 is in these words:

"In the absence of the regular judge of any circuit court in this Commonwealth, except the courts of continuous session as mentioned in the first section hereof, or when he cannot preside in any particular case or cases, if the parties cannot agree upon an attorney who is present to act as judge, and who shall receive no compensation for his services, the clerk shall at once notify the Governor, who, in turn, shall immediately notify one of the circuit judges, mentioned above, who is not then

engaged in holding a regular or special term of court in his district, and it shall be the duty of said circuit judge so notified by the Governor, to hold the court, or try the case, and the judge so notified by the Governor shall have all the powers of a regular judge of said court.'' (Acts 1912, p. 413.)

There is nothing in the record to show that the action of the Governor was unwarranted, and we must presume that his Excellency acted properly. The primary act plainly contemplates that these election contests shall be speeded to a conclusion, and the clerk was not required to wait until the day of trial came, before acting. Ordinarily where he is notified by one of the parties that they cannot agree upon an attorney, and is requested to notify the Governor, he may properly give the notice; for if the parties desire to make an agreement on the subject, it is incumbent on them to do so.

The act provides that the circuit clerk shall transmit to the clerk of this court the original papers in the case; that the record when received shall be delivered immediately to the Chief Justice; that the case shall have precedence over all other business and shall be disposed of by the court as speedily as the exigencies of the case will admit; that if the issue is finally decided in favor of the contestee, or contestant, this fact shall be certified to the proper officer and that the name of the successful party shall be printed on the ballots to be used in the November election. If thirty days were allowed as in other civil cases for a petition for rehearing before the judgment becomes final, the manifest purpose of the statute would be defeated and the appeal would be in all cases an idle form; for this court adjourns for the summer vacation before the primary election and it does not meet until the third Monday in September.

We, therefore, conclude that the statute contemplates that the judgment of this court shall become final when the case is decided, and that the certificate as provided in the Statute shall then issue. No mandate issues as in other civil cases but the certificate is issued from this court. A mandate goes to the circuit court and that court may not in these cases convene before the election, so final action must be taken here. If any mistake is made or injustice done, the court will entertain a seasonable application for a modification of the judgment and will make such further orders as the ends of justice require.

Each of these contests having been decided in favor of the contestees an order will be entered in each case certifying this fact to the Secretary of State and to the county court clerk of Logan County in the first case and of Mercer County in the second case.

Judgment affirmed.