## Matthews v. Stephens.

(Decided October 12, 1917.)

### Appeal from Kenton Circuit Court.

1. Elections—Contest—Notice—Jurisdiction.—The giving of the notice of the contest of an election under subsection 28 of section 1550 of the Kentucky Statutes within the time therein prescribed, is a jurisdictional prerequisite, and unless the notice be so given the circuit court is without jurisdiction to try the case.

2. Elections—Primary Elections—Contest—Corrupt Practices Act.— The Corrupt Practices Act of 1916 did not modify or amend the provisions of subsection 28 of section 1550 of the Kentucky Statutes relating to the contest of a nomination in a primary election.

3. Elections—Contest—Certificate of Nomination.—For the purpose of contesting a nomination the certificate of nomination should be treated as awarded when it had been ascertained by a canvass and tabulation of the votes, who the successful candidate was, although the certificate was not then issued.

JOS. B. WILKE for appellant.

JOHN T. MURPHY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant Matthews, the appellee Stevens, and four others were candidates for the nomination of coroner

of Kenton county, in the Democratic primary election held on August 4, 1917; and, appellee having received a plurality of all the votes cast, the certificate of nomination was awarded him on September 14, 1917. On September 18, 1917, Matthews filed this petition in equity which is styled "Contest for Democratic nomination for coroner," and "Petition in Equity," seeking to annul Stephens' nomination certificate, and to enjoin the county court clerk from placing Stephens' name upon the official ballot to be used in the general election in November.

The ground of complaint is that Stephens failed to file his post-election statement of contributions and disbursements with the county court clerk within thirty days after the election, as is required by section 6 of chapter 13 of the Acts of 1916, known as the Corrupt Practices Act. (Acts 1916, p. 59.)

Subsection 28 of section 1550 of the Kentucky Statutes provides a method for contesting the nomination of a candidate. It reads, in part, as follows:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested."

The answer admits that Stephens did not file his post-election statement of contributions and expenses with the county court clerk until Tuesday, September 4, 1917, which, he says, was the thirty-first day after the primary election; that he did not file it on Monday, September 3rd, which he alleges was the thirtieth day after the primary election, because Monday was Labor Day and a holiday under section 2089b of the Kentucky Statutes.

The answer does not allege that Stephens attempted to file his statement on Labor Day, or at any time preceding it; or, that it was his intention to so file it; or, that he was in any way prevented from filing it on or before Labor Day. In short, the defendant takes the ground that he had the right, under the statute, to file his post-election statement on the thirty-first day after the primary election, because the thirtieth day thereafter was a holiday.

In view, however, of the construction which this court, in the recent case of Ward v. Howard, 177 Ky. 38, has

placed upon subsection 28 of section 1550 of the Kentucky Statutes above referred to, when read in connection with section 6 of the Corrupt Practices Act, it becomes unnecessary to consider the appellee's contention that he had the right to ignore Labor Day in his computation of the thirty days within which he was required to file his statement.

In Ward v. Howard, *supra,* it was held that the giving of the notice within the time provided by the statute was a jurisdictional prerequisite; that the Corrupt Practices Act did not modify or amend the provisions of subsection 28 of the primary election law with respect to the time an election contest must be commenced.; and that the notice must be given within five days from the time the election commissioners had canvassed and tabulated the vote and ascertained and determined from this canvass and tabulation, who had received a majority of the votes.

The language of the court upon the subject of the time within which the notice must be given is as follows:

"The certificate, for purposes of contest, should be treated as awarded when it has been ascertained by a canvass and tabulation of the votes who the successful candidate is, although the certificate may not then be issued. When the canvass and tabulation show that a certain candidate has received the majority of the votes, he is then entitled, as a matter of right, to a certificate of nomination, and if he fails to ask for it, or fails to comply with other provisions of the law necessary to enable him to get it, this action on his part should not be allowed to obstruct the right of a candidate to commence proceedings against him. It is not within the contemplation of either the primary election law nor the Corrupt Practice Act that a candidate who is successful on the face of the returns should have it in his power to obstruct or defeat, by his own act, the commencement of a successful prosecution against him by a person contesting his right to the nomination for the office."

In this case the canvass was made on August 7th, the day provided by statute; but Stephens' certificate of nomination was not awarded to him promptly because he did not file his post-election statement until September 4th, and, under section 7 of the Corrupt Practices Act, the canvassing board is prohibited from issuing the

certificate of nomination before the post-election statement is filed.

So, if we should treat the filing of the petition and the service of summons thereon as the equivalent of the notice required by the statute (a question, however, not now decided), it is apparent that the contest was not begun within five days after the board had ascertained the result of the election, and that the circuit court properly dismissed the petition and contest for want of jurisdiction.

The judgment of the circuit court is affirmed; and, this fact will be certified by the clerk of this court to the Secretary of State and to the clerk of the Kenton county court, pursuant to subsection 28 of section 1550 of the Kentucky Statutes.