### Damron v. Johnson.

(Decided September 27, 1921.)

### Appeal from Pike Circuit Court.

1. **Elections—Primary Elections—Contest—Notice—Amendments.**—It was error for the trial court to refuse to file an amendment to the notice and grounds of a primary election contest, which did

not contain new grounds of contest and where the filing of same would not occasion delay or work a hardship or injustice upon the contestee.

2. Elections—Primary Elections—Contest—Notice—Time.—An intervening Sunday is to be excluded in computing the five days allowed by subsection 28 of section 1550, Ky. Statutes, for serving notice and grounds of contest in a primary election.

3. Elections—Contest—Notice.—A notice of contest is sufficiently definite as to place which warns the contestee to appear and defend "at the court house in Pikeville, Pike county, Kentucky."

4. Elections—Primary. Elections—Final Order.—Under subsection 28 of the primary election law (section 1550, Kentucky Statutes) this court upon appeal renders all necessary final orders where there has been a trial upon a general submission below and the record renders possible a final trial here, but where no such trial was had below and the contest was dismissed on demurrer or other preliminary motion and before proof was taken on the issues, this court upon a reversal will remand the case for further proceedings as in other cases.

JOSEPH D. HARKINS for appellant.

J. J. MOORE and WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

At the primary election held on August 6th, of this year, appellant and appellee were candidates for the Republican nomination for sheriff of Pike county. Appellant received 1279 votes and appellee 5834 votes, according to the official count, and the certificate of nomination was awarded to appellee.

On August 16th appellant served notice of contest on appellee, stating therein his grounds of contest and warning appellee to appear at the court house in Pikeville on August 19th to defend the contest, as required by subsection 28 of section 1550, Kentucky Statutes.

On the day named, the regular judge being engaged in court elsewhere in his district and unable to attend, appellee filed in the office of the clerk of the circuit court a motion to quash the return on the notice, a special demurrer and, without waiving the demurrer or motion to quash, he also filed a motion to strike, a general demurrer and a response controverting every material allegation of the grounds of contest stated in the notice, which is the approved practice under such circumstances.

The regular judge did not return to Pikeville until August 29th and then entered an order that he was disqualified and declined to try the case. The governor

thereupon designated a special judge to try the case who appeared for the purpose on September 5th.   Appellant then tendered an amendment to the notice and grounds of contest which the court upon objection by appellee refused to file.   On the next day the court sustained the motion to quash and the special demurrer and dismissed the contest, whereupon appellant executed supersedeas bond and has appealed.

The notice of contest did not disclose when the election commissioners completed the tabulation of the votes and ascertained the result, which rather than the issuance of a certificate of nomination fixes the time from which the five days allowed for filing a contest begin to run: Ward v. Howard, 177 Ky. 38; Lay v. Rose, 177 Ky. 303.

It was to supply this omission that appellant offered to file the amendment refused by the court and whether or not the court erred in refusing to permit same to be filed is the first question for decision.

The primary election law provides and this court has frequently decided that no new grounds of contest can be filed by the contestant after the expiration of the five days allowed for serving notice of contest, but there is no provision of law denying the right to amend where no new grounds of contest are asserted and the amendment is seasonably offered; and this court has frequently recognized a right so to do.   Johnson v. Little, 176 Ky. 505; Kash v. Hurst, 189 Ky. 233.   In the latter case the court refused an offered amendment because it came too late and contained new matter of contest, but said: "Reasonable indulgence consistent with the statutory requirements should be accorded both parties in the preparation and conduct of election contest cases in order to enable them to present every fact of issue having any bearing on the contest, the aim of the court being to arrive at the real facts.   The rights of the parties are mutual and the court must not so far indulge the one litigant as to work a hardship or injustice on the other."

The amendment offered here did not attempt to assert any new ground of contest or to correct the one stated in the original notice except by stating a jurisdictional fact necessary to any contest that had been inadvertently omitted.   It was tendered before the court passed upon the question of jurisdiction, occasioned no delay and in no way misled or worked a hardship or injustice upon the other litigant.   Such an amendment

would have been allowed in any other litigation under similar circumstances and we are of the opinion the court erred in rejecting the amendment offered by contestant here.

The only case cited on this point by appellee is Lay v. Rose, *supra,* in which the question was not presented or discussed. That case does not even hold, as contended, that in the absence of a statement in the original notice of the time when the election commissioners ascertained the result of the election, it will be *conclusively* presumed they did so on the day fixed in the statute, which in this case was August 9th. It is only there said that in the absence of a showing "on the face of the papers" when the result was ascertained "the legal presumption is that they performed this duty on the day designated by the statute." It does not even suggest that this presumption referred to cannot be overcome by pleadings but rather strongly implies that it may be done by using the term "face of the papers" rather than "the original notice."

The amendment states that the election commissioners were in session tabulating the vote, etc., on August 9th, 10th, 11th and 12th, but the certified copy of their proceedings states they were in session only on August 9th, 10th and 11th, and shows that the votes were tabulated and the result of the election ascertained on the 11th. A stipulation of facts on this question, however, rather indicates that the tabulation of votes made on the 11th was only tentative and the result of the election was not finally determined by the election commissioners until the 12th, but we may assume that it was on the 11th since even so the notice of contest was served in time. The 11th of August was Thursday and since the statute provides that the notice must be served "within five days from the time the election commissioners" shall have acted, it is clear as agreed by counsel that that day must be included in computing the five days. Thus computed, it was actually six days before the notice was served on the 16th, but a Sunday intervened and if this be excluded, as contended by contestant must be done, then there were but five days and the notice was in time.

The general rule is that if the time within which an act may be done exceeds a week, Sunday is included, but, if it is less than a week, Sunday is not included. 26 R. C. L., 751; 38 Cyc. 333, note 76; note to State v. Mich-

eal, 78 A. S. R. 378. This rule has been adopted and uniformly observed in this state so far as we can ascertain. Roettger v. Riefkin, 130 Ky. 197, 113 S. W. 88, 902; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 124 A. S. R. 388. And it was approved and applied in an election contest case with reference to the time provided by statute for filing petition and issuing process thereon in Lowery, etc. v. Stotts, etc., 138 Ky. 251, 127 S. W. 789. There appears no vaild reason why it should not apply in such cases, hence we conclude that the intervening Sunday should be excluded and the notice served upon August 16th was in time, even if the time be reckoned from August 11th. The only cases relied upon to support appellee's contrary contention are Price v. Russell and Coleman v. Morgan, 154 Ky. 824, 159 S. W., 573, but the question was not raised or discussed and the result would not have been altered in either case had the question been raised. We cannot, therefore, accept these cases as authority upon the matter or as in conflict with the rule as uniformly observed in this jurisdiction and quite generally elsewhere.

It is further insisted that the notice in fixing the place for contestant to appear and defend "at the court house in Pikeville, Pike county, Kentucky," is not sufficiently definite as to place, but this insistence is so clearly without merit as not to require discussion. See Wheeler v. Patrick, this day decided.

It therefore results that the court erred in sustaining the special demurrer and the motion to quash.

It is insisted, however, that the judgment dismissing the petition should be affirmed because of the failure of contestant to offer any evidence to sustain his grounds of contest, which were controverted by appellee's response; that this court has no power to reverse and remand such a contest for retrial but must finally dispose of it. Such, however, is only the case where the issues are finally decided in favor of one party or the other as could be and was properly done by this court in Price v. Russell and Coleman v. Morgan, *supra*, relied upon by contestant on this point. What was said and done in those cases necessarily related to the facts as there presented and can have no applicability to so different a state of case as is now presented. Besides the language of the statute (subsection 28 of section 1550) is not susceptible of a construction to give to this court the right to decide the issue of fact where same not only had not been decided

by the court below but a final trial of the issues by this court is impossible. The language of the statute is that "if on the trial of such contest (in this court) the issue is finally decided in favor, etc.," this court shall make all necessary final orders.

This court cannot on the record made up below, there being no evidence introduced on either side and the case having been submitted only on the special demurrer and the motion to quash, try the contest or finally decide the issue, hence this provision of the statute with reference to final orders by this court was clearly not intended to apply and never has been applied to such a state of facts. On the other hand, it has been the uniform practice of this court to reverse and remand for trial where the case went off below erroneously on a demurrer or other preliminary motion and without a trial of the contest as is attested by the following cases and others that might be cited: Wheeler v. Patrick *supra,* Thurman v. Alvey, decided September 23, 1921.

The fact that contestant's proof ordinarily should have been filed before the judgment was entered under the statute as construed in Lay v. Rose, *supra,* is not here available where the failure was not taken advantage of below by a motion to submit or otherwise, since the trial court has a discretion in granting additional time for taking proof if the ends of justice demand it, and this court cannot undertake to pass upon that question until it has been raised before and passed upon by the trial court.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent herewith. Mandate will issue immediately.

The whole court except Judge Sampson sitting.