## Whitt v. Howard.

(Decided September 25, 1925.)

### Appeal from Carter Circuit Court.

1. Elections—Notice of Contest of Election Must be Served Within Five Days After Final Action of Election Commissioners in Canvassing Returns.—Under Ky. Stats., section 1550-28, notice of contest of election must be served within five days after final action of election commissioners in canvassing returns, rather than within five days after actual issuance of certificate of nomination to candidate thus ascertained to be entitled thereto.

2.  Time—Method of Computing Time Stated.—Where time is to be counted from a day, that day is not to be included; but, where it is to be counted from an act, day on which act is done must be included.

3.  Time—Notice of Contest of Election Held Not Served Within "Time" Required by Statute.—Notice of contest of election held not served within time required by Ky. Stats., section 1550-28, providing that such notice shall be given within five days from "time" when result of election is ascertained, where contestee's plurality was ascertained and certified to county clerk on August 5th, and notice of contest was not served on contestee until August 11.

G. W. E. WOLFORD and AUSTIN FIELDS for appellant.

J. M. THEOBALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellant and appellee, with others, were candidates for the Republican nomination for sheriff of Carter county, at the recent primary election. Upon the face of the returns, as canvassed by the board of election commissioners, appellee received a plurality of 45 votes, which fact was ascertained and certified to the county clerk on August 5th, and on August 8th a certificate of nomination was issued to appellee.

Desiring to contest the election, appellant caused notice thereof to be served upon appellee on August 11th. The lower court dismissed the action upon the ground that the notice was not served within the time required by subsection 28 of section 1550 of Kentucky Statutes, and whether or not this is true is the only question presented by this appeal.

Construing this section, we have expressly held in at least four recent cases that the notice must be served within five days after the final action of the election commissioners in canvassing the returns, rather than within five days after the actual issuance of the certificate of nomination to the candidate thus ascertained to be entitled thereto. Ward v. Howard, 177 Ky. 38, 187 S. W. 506; Matthews v. Stephens, 177 Ky. 143, 197 S. W. 544, Lay v. Rose, 177 Ky. 303, 197 S. W. 921; Damron v. Johnson, 192 Ky. 350, 233 S. W. 745.

The first insistence for appellant is that these cases should be overruled, but we are still of the opinion that they correctly construe the statute, and as our reasons

for so construing it are fully set out in the first two cases *supra,* it is not necessary to repeat them here.

The rule is also well settled in this state by a long line of authorities, that where time is to be counted from a day, that day is not to be included, but where it is to be counted from an act, the day on which the act is done must be included. Price v. Russell, 154 Ky. 824, 159 S. W. 573; Damron v. Johnson, 192 Ky. 350, 233 S. W. 745.

Applying this rule, and excluding the intervening Sunday, under another well-known rule which is not questioned, the last day for giving the notice was August 10th, as was expressly held in Damron v. Johnson *supra,* and this is conceded by counsel for appellant, but they insist that that case misapplies the rule with reference to including or excluding the day upon which the vote was canvassed, and that instead of including, it should have excluded that day. In this contention, however, counsel are clearly in error, since the statute provides that the notice shall be given within five days from the "time" rather than five days from the "day" when the result of the election is ascertained.

It results, therefore, that the notice was not given within the time prescribed by the statute, and that the court did not err in dismissing the contest.

Judgment affirmed.