## Landrum v. Cockrell.

(Decided September 27, 1929.)

GRANNIS BACH and E. C. HYDEN for appellant.

CASH C. WILLIAMS and G. C. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and contestant below, W. J. Landrum, and the appellee and contestee below, S. J. Cockrell, were opposing candidates in the August, 1929, primary election for the Democratic nomination for the office of jailer of Breathitt county. On the face of the returns contestee received a majority of the votes cast in that election over the contestant of something less than 100, and in due time the latter filed this contest pursuant to the provisions of section 1550-28 of our present Statutes. The grounds therefor were many, including violation of the Corrupt Practices Act (Ky. Stats., sec. 1565b1 et seq.), and the pleading containing them is lengthy.

The county election commissioners ascertained and certified to the result on August 7 following the election, and on that day issued and delivered to contestee a certificate of nomination. Within five days thereafter the contest pleading containing the grounds was filed with the circuit court clerk, and a copy thereof was served on contestee on August 12 by the officer who did it posting on the door of his residence a true copy and afterwards making this return: "Executed by tacking a true copy of the within notice on the front door of the residence of S. J. Cockrell: The said Cockrell not being found by me and no one being at the home of the said Cockrell this August 12, 1929. Louis Miller, Constable of Breathitt County, Kentucky."

Under the contest statute referred to, the contest is required to be filed "within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested." No one questions the full performance by the canvassing board of all of its duties, so as to start the limitation for filing a contest, and we will devote no time to

a discussion of that question more than to say that every-thing required of the commissioners had been performed in this case before the contest was initiated.  The pre-requisite acts for the commencement of the contest hav-ing been performed by the county canvassing board on August 7th, the five days' prescribed limitation began to run on that day—"from the time," Verda Harlan Coal Co. v. Harlan Nat. Bank, 229 Ky. 565, 17 S. W. (2d) 718 —and, under the well-established rule of interpretation that day should be counted, and it would expire on the 5th day thereafter (August 11th) unless between then and the last day there was an intervening Sunday, which, if true, should be excluded and not counted.  In this case the five days would have expired on August 11th and the service of the notice on the 12th would have been too late but for the fact that there was an intervening Sunday which extended contestant's right to have the notice served on the following Monday.  Some of the many cases from this court sustaining the principles as so stated, and which are election contest cases, are Damron v. Johnson, 192 Ky. 350, 233 S. W. 745, Whitt v. Howard, 210 Ky. 215, 275 S. W. 794, and Tackett v. Mayo, 210 Ky. 299, 275 S. W. 866.  Indeed we do not understand counsel as contending that the service of notice in this case, if properly made, was not within the time prescribed by the statute creating the remedy.

The judge of the circuit court rendered this judg-ment: "This cause came on to be heard, and the court advised, is of the opinion and adjudges that the notice and grounds of contest herein were not properly exe-cuted, and for that reason this court does not have jur-isdiction of the defendant, it is adjudged that the con-testant's notice and grounds of contest be and the same is hereby dismissed."  From that judgment this appeal is prosecuted.

It will be observed that the sole ground for the court's action in dismissing the contest was the *manner* of the service of the notice and grounds, which was by tacking a copy of them upon the door of contestee's resi-dence within the time allowed for the service and after almost an entire afternoon had been consumed by the of-ficer in diligent search to locate contestee so that he might be personally served.  In at least four cases, all compara-tively recent, this court has held, after exhaustive con-sideration and most emphatic reasons therefor, that the notice of the filing of an election contest could be served

in the manner prescribed for the services of notices generally, and which is contained in section 625 of the Civil Code of Practice. The cases so holding are McKay v. Grundy, 155 Ky. 115, 159 S. W. 655; Edge v. Allen, 166 Ky. 291, 179 S. W. 212; Brumleve v. Cronan, 176 Ky. 818, 197 S. W. 498; the Tackett case. supra; and Howard v. Cockrell et al. (Ky.) 20 S. W. (2d) —, decided September 24, 1929. It is now too late to question the interpretation of the statute made by those opinions concerning the manner of service of the notice and grounds, if any criticism could be made of it, but which we have not found to exist. The reason for that interpretation, we repeat, is fully set forth in those opinions, and which we will not repeat here more than to say we still indorse them.

In this case the officer who served the notice on contestee in the manner indicated began his search to locate contestee in the early part of the afternoon of August 12. He was assisted in that search by contestant and to some extent by the latter's counsel. Before the notice was given to the officer, the contestee had been seen across the street, but the continuous and protracted search throughout the greater portion of the afternoon, by all the persons named, was in vain. The constable learned, after being unable to discover contestee in Jackson, the county seat of the county, that he had gone to his farm some eleven or twelve miles distant; whereupon the officer procured an automobile and drove out there, finding only a servant girl in charge of the residence and by whom he was informed that contestee had returned to Jackson. The constable then went back to the county seat and renewed his search with the same result, and toward the latter part of the afternoon he revisited contestee's residence and found the residence closed, with no one therein, whereupon he tacked the notice on its door and made the above-inserted return.

The only argument in brief of counsel for appellee in support of the judgment is that it was stated in the Tackett opinion that the officer "had made diligent efforts all day long to serve the notice and grounds of contest," whereas such efforts were not made in this case for but one-half of a day. Of course the argument is entirely without merit, even if such prerequisite search was necessary to authorize the involved manner of service (i. e., by tacking a copy of the paper to be served on the door of contestee's residence), and because of such want of merit we will devote neither time nor space in its discussion.

But if such a notice may be served in the manner prescribed by section 625, supra, of the Civil Code of Practice, as the cases supra hold that it may be done, then what is to be found in the provisions of that section requiring a protracted precedent search before the service is made as therein provided? We find nothing in its language prescribing for such a search for the person to be notified, and the only discoverable reason for discussing it in the cases supra was the fact that it *was* so made in each of those cases. However, if such a precedent search should be regarded as essential to that manner of service, it was thoroughly established in this case, and in no view of the facts that may be taken by us are we able to sustain the judgment appealed from. It is therefore our conclusion that the court erred in sustaining the motion to quash and in dismissing the grounds of contest.

An affidavit accompanied by a motion was filed asking that the trial judge vacate the bench, but it was clearly insufficient, since the only ground therefor stated in the affidavit was, in substance, that the trial judge and the contestee were political friends and had supported each other in their ambitions to be elected to office, and which we have held in numerous cases was insufficient alone to require the presiding judge to vacate the bench.

Wherefore the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion; the whole court sitting except Judge Logan, who was absent. Because of the urgency of the case and the brief time within which it may be prepared and tried, the clerk of this court is ordered and directed to issue forthwith mandate.