IN THE MATTER OF THE CONTESTED NOMINATION OF
JEWEL E. PARSONS FOR THE OFFICE OF COUNTY
COMMISSIONER.

E. L. (TED) KIRK, APPELLANT, *v.*
JEWEL E. PARSONS, RESPONDENT.

No. 4374

December 7, 1960                    357 P.2d 120

*Robert Santa Cruz,* of Las Vegas, for Appellant.

*Diehl and Recanzone,* of Fallon, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

On September 14, 1960, the board of county commissioners of Esmeralda County, after the completion of the canvass of the votes at the last primary election, declared that respondent was the candidate who received the highest vote of the Democratic Party for the unexpired term of the office of county commissioner and thus was the nominee of that party for said office. Appellant, who also was a Democratic candidate for the same office, desiring to contest the respondent's nomination filed a petition to contest the same in the lower court on September 20, 1960.

NRS 294.295 provides: "Any candidate at a primary election desiring to contest the nomination of another candidate for the same office may proceed within 5 days after the completion of the canvass as provided in NRS 294.265. The contestee shall be required by the order of a justice of the supreme court or a judge of the district court to appear and abide the further order of the court."

The filing took place on the 6th day after the completion of the canvass and for this reason the lower court dismissed the contest. Appeal is from such order of dismissal.

The only question presented here is whether appellant's petition to contest was timely filed.

Appellant contends that when the period of time prescribed is less than 7 days, an intermediate Sunday must be excluded in the computation; that Sunday, September 18th, was an intermediate Sunday and should be excluded from the computation; and that therefore September 20th would be within the 5-day period prescribed. This contention is based on Rule 6(a), Nevada Rules of Civil Procedure.[1]

---

[1] Rule 6(a) *"Computation.* In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which

We have concluded that Rule 6(a) NRCP has no application to election contests.

[2]

Proceedings to contest an election are special and differ substantially from civil proceedings which afford a common-law remedy. Brown v. Dunn, 35 Nev. 166, 127 P. 81; Garrard v. Gallagher, 11 Nev. 382.

"As the rule is well settled that, as to the matter to which it relates a special law controls a general one, these provisions of the primary election act for initiating contests by affidavit, being special, are in force, and cannot be ignored by the court, and are not controlled or eliminated by general provisions of the civil practice act providing for a formal action and the necessary requirements relating to parties and the allegations of the complaint. As the time is short in which a contest may be conducted and errors corrected relating to a primary election, it is apparent that the legislature believed that necessity or good reason existed for providing a summary and speedy proceeding by affidavit." Brown v. Dunn, supra.

If a simplified procedure for initiating an election contest is desirable because of the element of time, and prevails over the procedural provisions of general statutes or rules, a fortiori the time provisions specified in the special statute would prevail over a general procedural rule relating to time such as Rule 6(a).

In Vailes v. Brown, 16 Colo. 462, 27 P. 945, 946, 14 L.R.A. 120, the statutory period for filing the initial pleading of an election contest had fully elapsed. The court in holding that the time would not be extended merely on the ground that the last day fell on Sunday there said: "It has been held that where a rule to plead expires on Sunday the party has the next day in which to

the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or other non-judicial day, in which event the period runs until the end of the next day which is neither a Sunday nor a non-judicial day. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and other non-judicial days shall be excluded in the computation."

plead; but this rule has generally been limited in its application to causes over which the court has already acquired jurisdiction. * * * The statute gives the contestor 'ten days after the day when the votes are canvassed' to file his statement. After much consideration we are satisfied, both upon principle and authority, that when the statutory period for filing the statement of an election contest for county officers under the act of 1885 has fully elapsed, excluding the day when the votes are canvassed, the time cannot be extended merely on the ground that the last day happens to fall on Sunday. This is the reasonable, as well as the natural and literal, interpretation of the statute. Any other construction of such an act would be unwarranted. Whenever recourse to the courts becomes necessary to determine the result of an election, public and individual interests alike require that the proceeding should be commenced and prosecuted promptly. * * * The statement of contest not having been filed within the time required by the statute, the court below erred in entertaining jurisdiction of the case. The judgment is accordingly reversed, and the cause remanded, with directions to the county court to dismiss the proceeding." Accord, Crownover v. Millar, 45 Nev. 81, 197 P. 817; State ex rel. Thatcher v. Brodigan, 37 Nev. 458, 142 P. 520.

We are not unmindful of the holdings in the cases of Landrum v. Cockrell, 230 Ky. 599, 20 S.W.2d 464, and Damron v. Johnson, 192 Ky. 350, 233 S.W. 745. These cases do not persuade us to a conclusion which we believe would be contrary to the existing law in this state.

Affirmed.

BADT and PIKE, JJ., concur.