## Baxter v. Watts.

(Decided September 30, 1913).

### Appeal from Lincoln Circuit Court.

Elections—Primary—Contest—Notict of—Section 28 of Primary Election Act.—A notice of contest of a primary election nomination

that did not state the time and place, when and where, the contestee should respond to same as required by statute is insufficient. This question is governed by section 28 of the Primary Election Act, which is mandatory in this particular. The notice must warn the contestee of the time and place where and when he shall be required to answer and defend the contest, which shall not be less than three nor more than ten days after the service thereof.

E. B. HOOVER, ROBERT HARDING and E. V. PURYEAR for appellant.

JOHN H. WELCH, KIMBALL & HUNTER and W. P. KIMBALL for appellee.

## OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant and appellee were opposing candidates for the office of County Attorney of Jessamine County at the August Primary, 1913.

The election commissioners canvassed the vote, and found that Watts had 33 votes more than Baxter, and issued to Watts a certificate.

Baxter, not satisfied with the result, prepared a notice, stating six grounds for a contest, and signed the notice which closed as follows:

"You are therefore warned and notified that I will and do contest your right to said nomination upon the foregoing grounds, and you are required to answer and defend this contest within not less than three days and not more than ten days after the service of this notice on you before the Circuit Judge of the circuit court of the county in which this notice is served upon you, and I shall ask of said judge to make an order to have said ballot boxes opened and said ballots counted, and if you fail to answer and defend this contest, will ask said judge to cancel said certificate, and order said commissioners to deliver a certificate to me as the nominee of said party and all proper relief."

This was placed in the hands of an officer to be executed, which was duly done in Lincoln County on the 7th day of August, and returned by the officer on the 8th day of August, 1913, to the clerk of the Lincoln Circuit Court.

The contest was duly docketed and set for hearing on the 16th day of August, 1913, before Chas. A. Hardin, judge of the circuit court. When that day arrived, Watts, without entering his appearance, other than the

making of the motion, moved the court to annul the notice of contest because the same did not state the time and place, when and where contestee should respond to same as required by statute, and because said notice is otherwise insufficient.

The court heard the motion, sustained same, dismissed the contest, and Baxter has appealed.

This is a new question, and we cannot look to the Code of Practice for any light upon it. The primary election law passed at the last General Assembly must govern it. It is provided by section 28, of that act:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing * * * stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested * * * and shall warn the contestee of the *time* and *place, when and where* the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof."

This section has no meaning unless the contestant is required to give the notice within five days after the election commissioners canvass the returns and give the election certificate. And in the notice he should, at least, fix a day not earlier than three, nor more than ten days thereafter for the contestee to appear, and answer and defend.

This is clearly expressed in the section and cannot be construed in any other way, and give meaning to the language used. The notice in this case did not fix any particular day within the three and ten days fixed in the statute for the contestee to appear and answer and defend.

In our opinion the statute is mandatory in this regard at least, and the court was right in dismissing the contest, and awarding the nomination to contestee.

The case is, therefore, affirmed, and the clerk of this court is directed to certify this fact as required by statute.