## Flannery v. Shanks.

(Decided October 8, 1913).

## Appeal from Lee Circuit Court.

Elections—Primary Elections—Contest—Notice—Courts—Jurisdiction
—The primary election law of 1912 requires written notice and
grounds of contest of the nomination of a political party to be
served on the contestee, within five days from the awarding of
the certificate of nomination, and therein to warn the contestee
of the time and place, not less than three and not more than ten
days after the service thereof, when and where the contestee shall
be required to answer and defend such contest. Where a specific
day, within the three to ten day period, for the hearing of the
contest is not fixed in the notice thereof, the circuit court is with-
out jurisdiction to hear or to determine such contest, although
written notice of contest was given within five days from the
granting of the certificate of nomination.

G. W. GOURLEY, H. S. McGUIRE and O'REAR & WILLIAMS
for appellant.

J. K. ROBERTS and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, L. T. Flannery, and appellee, Tillman
Shanks, were candidates, at the primary election of
August 2, 1913, for the Republican nomination for the
office of sheriff in the county of Lee. The board of elec-
tion commissioners of that county met August 5th and
began the work of convassing the votes for the purpose
of ascertaining who, of the candidates voted for in the
primary election, had been nominated, but did not com-
plete the count until August 6th, on which day it was
ascertained by them that appellant Flannery had, by a
majority of four votes, received the nomination. On the
same day appellant was by them declared the nominee
and awarded the certificate of nomination, but the certifi-
cate, owing to the absence of one of the election commis-
sioners who was expected to return the same day and
sign same, was not filed in the county clerk's office until
August 7th.

On August 12, 1913, the appellee, Shanks, served
written notice on the appellant, Flannery, advising him
that he would contest his right to the nomination.

On August 25, 1913, the contest was tried and deter-
mined by the Hon. Hugh Riddle, circuit judge of the dis-

trict in which Lee County is situated; who, after a re-
count of the ballots in certain disputed precincts, found
that the appellee, Shanks, had received the greater num-
ber of votes and was entitled to the nomination, and judg-
ment to that effect was thereupon rendered in his favor;
hence this appeal by Flannery.

Before the trial of the contest was entered into by
the circuit judge, the appellant, Flannery filed a special
demurrer to the jurisdiction of the court; his contention
that the court had no jurisdiction to try the contest being
based upon two grounds: First, that the notice of contest
had not been served upon him within five days after the
certificate of nomination was awarded him; and sec-
ond, that the notice of contest fixed no day, time or place,
when and where he would be required to answer and de-
fend such contest. The demurrer to the jurisdiction was
overruled by the court.

The first ground rests upon the claim that the certifi-
cate awarding the appellant, Flannery, the nomination
was delivered to him on the 6th day of August, although
a copy thereof was not filed in the clerk's office until
August 7th, and that as the notice of contest was not
served on him until August 12th, such service was had
more than five days after the awarding of the certificate.
The evidence being conflicting as to when the cer-
tificate of nomination was awarded, we do not pass upon
that question of fact; and, as in view of a previous ruling
of this court, we must sustain the second ground raised
by the demurrer to the jurisdiction, it will be unneces-
sary to pass upon any other question raised upon the
appeal.

The notice of contest given by the appellee, Shanks,
and executed upon the appellant, Flannery, in addition
to setting out the grounds upon which the contest would
be made, contained the following statement: "And the
contestee, L. T. Flannery, is hereby warned to answer
and defend, if he so desires, not less than three nor more
than ten days after service of this notice." It will thus
be seen that the notice in this case did not fix the day,
time, or place for the contestee to answer or otherwise
defend the contest, and this being true, the circuit court
was, as insisted by appellant, without jurisdiction to try
or determine same.

In Baxter v. Watts, decided September 30, 1913, the
opinion in which will be reported in 154 Ky., this precise
question was considered and passed on by us. The notice

in that case is as follows: "You are, therefore, warned and notified that I will, and do, contest your right to said nomination (for county attorney) upon the foregoing grounds, and you are required to answer.and defend this contest within not less than three days and not more than ten days after the service of this notice on you, before the circuit judge of the circuit court of the county in which this notice is served upon you." * * *

With respect to the insufficiency of this notice, we, in that opinion, said:

"This is a new question, and we cannot look to the code of practice for any light upon it. The primary election act passed at the last General Assembly must govern it. It is provided by section 28 of the act, 'any candidate' wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act, shall give notice in writing * * * stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested, * * * and shall warn the contestee of the *time* and *place, when* and *where* the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof.' This section has no meaning unless the contestant is required to give the notice within five days after the election commissioners canvass the returns and give the election certificate. And in the notice he' should, at least, fix the day not earlier than three, nor more than ten days thereafter for the contestee to appear and answer and defend. This is clearly expressed in the section and cannot be construed in any other way to give meaning to the language used. The notice in this case did not fix any particular day within the three days and ten days fixed in the statute for the contestee to appear and answer and defend. In our opinion, the statute is mandatory in this regard at least, and the court was right in dismissing the contest and awarding the nomination to contestee. The case is, therefore, affirmed and the clerk of this court is directed to certify this fact as required by statute."

The opinion in the case supra, being conclusive of this case must control our decision of the question under consideration. It is manifest, therefore, that the circuit court erred in overruling appellant, Flannery's, special demurrer to the jurisdiction, and also erred in hearing

and determining the contest in favor of the appellee, Shanks.

Wherefore, the judgment of the lower court is reversed and the appellant, Flannery, contestee in the court below, is hereby adjudged the nominee of the Republican party for the office of sheriff of the county of Lee. The clerk of this court is, therefore, ordered to certify this fact to the Secretary of State and to the county court clerk of Lee County, in order that the name of the appellant, Flannery, may be placed upon the ballot for the November election as such nominee.