## Layne v. Owsley.

(Decided October 2, 1925.)

### Appeal from Floyd Circuit Court.

Elections—Notice of Contest Requiring Defendant to Answer "Not Later Than" Named Date Fatally Defective as Indefinite and Uncertain.—A notice of election contest, calling upon contestee to answer in the office of the clerk of the circuit court "not later than the 17th day of August, 1925," was fatally defective as indefinite and uncertain, and did not give court jurisdiction, as Ky. Stats., section 1550-28, requiring that notice warning contestee of time when he shall be required to answer shall be not less than 3 nor more than 10 days after service, contemplated the fixing of a particular day.

J. B. CLARKE for appellant.

JAMES & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, John Layne, and the appellee, Jack Owsley, were candidates at the primary election of August 1, 1925, for the Republican nomination for the office of jailer of Floyd county. According to the tabulation and count made by the Floyd county board of election commissioners of the votes cast at the primary election, as certified and returned by the election officers of the several county election precincts, the appellee, Owsley, was declared to have received a majority of such votes, and on August 4, 1925, was by the county board of election commissioners duly awarded the certificate of nomination as the Republican candidate for the office of jailer to be voted for as its nominee at the November election, 1925.

August 7, 1925, the appellant instituted against the appellee a contest denying and contesting the latter's right to the nomination as the candidate of the Republican party for the office of jailer and claiming for himself

the legal right to such nomination, by filing in the office of the clerk of the Floyd circuit court his notice and grounds of contest; in which notice and grounds is was, in substance, alleged that he (appellant) had received a majority of the legal votes cast at the primary election and, by reason thereof, was entitled to the nomination as the Republican candidate for the office of jailer; but that by fraud, mistake or oversight on the part of the election officers of certain specified election precincts in counting the votes cast therein and certifying the returns, and like fraud, mistake or oversight on the part of the board of election commissioners in tabulating the votes returned from the various election precincts, certifying the result and awarding appellee the certificate of nomination as the Republican candidate for jailer, the appellant was illegally deprived thereof, and the same illegally conferred upon the appellee.

The only statement found in the notice and grounds of contest intended to indicate to the appellee when, or where, he would be required to answer and defend the contest, is contained in the following language appearing immediately preceding the appellant's prayer for the relief sought by him:

"Contestee is a resident of Floyd county, Kentucky, and is therefore called upon and required to answer herein in the office of the clerk of the Floyd circuit court, at Prestonsburg, Floyd county, Kentucky, *not later than the 17th day of August, 1925.*"

The notice in the form above set forth was, as appears from the officer's return endorsed thereon, executed upon the appellee August 8, 1925; and on August 15, 1925, the latter by counsel produced and filed a motion to quash the notice, return thereon and grounds of contest; and also a special and general demurrer to the notice and grounds of contest; and, without waiving the motion to quash, or either demurrer, likewise filed an answer containing counter grounds of contest. Thereafter, on August 17, 1925, the circuit court considered the case upon the appellee's special demurrer to the notice and grounds of contest, and without passing on the latter's motion to quash, or general demurrer, entered judgment sustaining the special demurrer, and dismissing the appellant's notice and grounds of contest. From that judgment he has appealed.

It is manifest from the terms of the judgment, and conceded by counsel, both for the appellant and appellee, that the former's contest for the party nomination in controversy was dismissed by the circuit court by reason of its conclusion that it was without jurisdiction of the parties or subject matter involved, because of the insufficiency on its face of the notice given the appellee of the institution of the contest and the grounds thereof; in that it failed to name or fix, as required by the statute, a particular day for requiring the contestee (appellee) to answer and make his defense to same. It is insisted by counsel for the appellant that the time as fixed by the notice for the filing of the appellee's answer and presentation of his defense to the grounds of contest set forth therein, was sufficiently certain and definite to meet the requirement of the statute in that particular; and, that the action of the circuit court in sustaining the special demurrer and thereby refusing to take jurisdiction of the contest, was such error as entitled the appellant to a reversal of the judgment.

So the only question necessary to be determined on the appeal is, whether the circuit court in sustaining the special demurrer to the notice and grounds of contest and refusing to take jurisdiction of the case, committed reversible error.

Kentucky Statutes, section 1550-28, which controls the proceedings in contests resulting from the holding of primary elections in this state, provides:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, *when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof.*"

Fortunately the section, *supra,* with respect to the question here under consideration, has repeatedly been construed by this court. First in the case of Baxter v.

Watts, 155 Ky. 12, in which it was held that a notice and grounds of contest which required the contestee to answer and defend "this contest within not less than three days and not more than ten days after the service of this notice on you, . . . " was insufficient under the statute. In the opinion the court, after quoting the above statement from the opinion and certain pertinent provisions of the statute, *supra,* in part said:

"This section has no meaning unless the contestant is required to give notice within five days after the election commissioners canvass the returns and give the election certificate. And in the notice he should, at least, *fix a day not earlier than three, nor more than ten days thereafter* for the contestee to appear, and answer and defend. This is clearly expressed in the section and cannot be construed in any other way and give meaning to the language used. The notice in this case *did not fix any particular day within the three and ten days fixed in the statute for the contestee to appear and answer and defend.* In our opinion the *statute is mandatory in this regard at least, and the court was right in dismissing the contest and awarding the nomination to contestee.*"

In the subsequently decided case of Flannery v. Shanks, 155 Ky. 184, involving a like contest, the language of the notice of the contest and grounds thereof, served on the contestee was:

"And the contestee, L. L. Flannery, is hereby warned to answer and defend, if he so desires, not less than three nor more than ten days after service of this notice."

We in this case approved the construction given the statute in Baxter v. Watts, *supra,* and, as in that case, held the notice of contest insufficient, which resulted in the reversal of the judgment of the circuit court, whereby a special demurrer of the contestee to the notice had been overruled, the notice declared good and the contestant, on the hearing of the contest, awarded the nomination. The following excerpt from the opinion in Flannery v. Shanks, *supra,* tersely presents the single ground upon which the court based its decision:

"It will thus be seen that the notice in this case did not fix the day, time or place for the contestee to

answer or otherwise defend the contest, and this being true, the circuit court was, as insisted by the appellant, without jurisdiction to try or determine same.''

We see no reason for departing from the construction given the statute controlling this case by the authorities, *supra*, or the application made by them of its provisions to the election contest notices in those cases involved. Obviously the notice of contest served on the contestee (appellee) in the case at bar was more indefinite and uncertain as to the time for making his defense than were those condemned in the cases, *supra*, for it left to his option the selection of any day, not later than August 17, for that purpose; and if in exercising such option he had selected an earlier day than August 17, how could the contestant have been advised of the day selected without a notice in turn from the contestee, the giving of which is neither contemplated nor required by the statute. Clearly, the notice in question fixed no particular day within the three to ten-day period for the hearing of the contest as required by the statute, and its failure to do so rendered it fatally defective and insufficient to confer upon the circuit court jurisdiction to entertain or determine the contest. Hence, the judgment of that court sustaining the appellee's special demurrer to the notice and grounds of contest, and dismissing the contest, is affirmed, and the clerk of this court directed to forthwith issue its mandate as customary in such cases.