## Potter v. Reynolds.

(Decided October 13, 1925.)

### Appeal from Letcher Circuit Court.

1. Elections—Statute Manifests Intention to Have Election Contest Speedily Determined.— Ky. Stats., section 1550, relating to primary election contests, manifests an intention to have such contests speedily determined, so that name of rightful nominee may be certified to proper authorities, and his name printed on ballots in ample time before regular election.

2.    Elections—Clerk's Failure to Transmit all Original Papers in Appeal in Election Contest will Not Prevent their Consideration by Supreme Court, if Otherwise Transmitted and Sufficiently Certified.—In view of the informal procedure prescribed by Ky. Stats., section 1550, subdivision 28, in taking appeals in primary election contests and duty of clerk to transmit original papers to Supreme Court, on his failure to transmit them all, if such other parts are otherwise transmitted and sufficiently identified, they will be considered.

3.    Elections—Supreme Court had Jurisdiction to Determine Whether Notice of Contest of Election was Insufficient.—Where judgment and opinion in election contest, when considered together, not only showed that circuit judge passed on merits of the case, but first ruled that notice of contest was insufficient, Supreme Court had jurisdiction to determine whether notice was insufficient.

4.    Elections—Notice of Contest of Election Held Insufficient.—Notice of contest of election, requiring contestee to appear "within five days of this notice," held insufficient in view of statute, entitling contestee to notice to appear on a day certain.

ROSCOE VANOVER and HAWK & LEWIS for appellant.

JOHN D. CARROLL, JOHN S. CARROLL, D. D. FIELDS & DAY and MORGAN & HARVIE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant and appellee were candidates for the Republican nomination for sheriff of Letcher county at the August, 1925, primary.

Appellee was awarded the certificate of nomination upon the face of the returns, and within the time allowed by the statute appellant filed his notice of contest in the Letcher circuit court contesting his right to such nomination, and asserting his (contestant's) title thereto upon the grounds set forth.

The contestee entered his appearance to the notice only for the purpose of moving to quash the same, and for the filing of a special demurrer to contest the jurisdiction of the court, the grounds for such motion and demurrer being that the notice was insufficient under our statute.

Thereafter the contestee, without waving his motion to quash or his special demurrer, entered a general demurrer and made certain other motions, and filed his answer and counter-contest.

For reasons that do not appear, without action upon the motion to quash or the special demurrer, the cause was prepared on its merits and finally heard and decided by the circuit judge as disclosed by the judgment. The judgment itself does not show that the circuit judge ever passed upon either the motion to quash or the special demurrer, but decided the case for the appellee upon the merits. The circuit judge, however, did prepare, sign and cause to be filed with the circuit clerk, a written opinion wherein he did take up and decide the motion to quash and the special demurrer, and in reliance upon certain opinions of this court held the notice to be insufficient. However, although that was decisive of the contest, he proceeded to find on the merits that appellee was the rightful nominee.

The judgment, while not actually passing upon either the motion to quash or the special demurrer, by its terms refers to "the written opinion delivered," and recites that a copy of the same had been delivered to contestant's counsel.

Under subsection 28 of section 1550, Kentucky Statutes, it is made the duty of a circuit clerk upon a decision by the circuit judge of a primary election contest, if appeal is taken,

> "immediately thereafter to transmit to the clerk of the Court of Appeals the original papers in said contest."

In the original papers so transmitted to the clerk of this court there was not embraced the opinion of the circuit judge in deciding the contest, although that opinion was specifically referred to in the judgment, which recites that contestant's counsel had been furnished a copy thereof. It is manifestly the policy of the statute, as shown upon its face, to have such contests speedily determined to the end that the name of the rightful nominee may be certified to the proper authorities, and his name printed upon the ballot in ample time before the regular election. The quoted provision with reference to the transmission of the original papers upon appeal in such cases is a part of the legislative scheme to hasten their final determination, and is a radical departure from the customary proceedings on appeal in ordinary cases.

But the clerk failed to transmit to the clerk of this court the opinion of the circuit judge, although that opinion is referred to in the judgment appealed from, and al-

though that opinion, as we shall see, was filed in the clerk's office. Counsel for appellant are contending that there was never any action by the trial court upon the motion to quash the return, or upon the special demurrer, and that, therefore, as this court is essentially an appellate tribunal, it cannot pass upon that question because the lower court did not.

But counsel for appellee have appended to their brief the original opinion handed down by the circuit judge and signed by him, and that opinion appears to have been filed in the circuit clerk's office.

Because, therefore, of the informal procedure prescribed by the statute in such cases for taking appeals, and because of the fact that the judgment itself refers to that written opinion, and because it is the duty of the clerk under the statute to transmit the original papers to this court, upon his failure to transmit them all, if such other papers are otherwise transmitted and sufficiently identified, on such informal appeals they will be considered.

When, therefore, the judgment and the opinion are considered together, it is obvious not only that the circuit judge passed upon the merits of the case, but first ruled that the notice of contest was insufficient.

The only question, therefore, necessary to determine is the sufficiency of the notice under our statute, for if the notice was insufficient to confer jurisdiction upon the court, clearly the other questions are immaterial.

The contestee was notified "to appear at the office of the circuit court clerk of Letcher county, at Whitesburg, Ky., within five days after the service of this notice upon you and answer the grounds of contest hereinafter set out."

The statute prescribing the procedure in such contests, provides:

"Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof."

The direct question raised has been presented to and passed upon by this court in no less than three cases, where the language used in the notice was in substance the same as that here used; and it has in each of them

held that the contestee under the language of the statute is entitled to notice to appear on a day certain, and that such day must be fixed between three days after the service of the notice and ten days thereafter.

The first opinion so holding is Baxter v. Watts, 155 Ky. 12, where the notice required the contestee "to answer and defend this contest within not less than three days and not more than ten days after the service of this notice," and the court held that because the notice did not fix a particular day within the time prescribed by the statute it was insufficient because the statute was mandatory.

In Flannery v. Shanks, 155 Ky. 184, in a primary election contest case, practically the same language in the notice of contest was involved, and this court reiterated the ruling in Baxter v. Watts, and said in addition that it was a jurisdictional necessity to fix a time certain in the notice for the contestee to answer, and that in the absence of that the circuit court had no jurisdiction to try and determine the contest.

The language used in the instant case, to-wit, "Within five days after the service of this notice," is no more specific as to time than the language used in either of the cases referred to. The requirement to do a thing within five days from a certain time is not the fixing of a particular day or specific time when that thing shall be done.

In the case of Layne v. Owsley, 210 Ky. 281, another primary contest case, the contestee was notified to answer "not later than the 17th day of August," and the court, in reliance upon the two opinions above referred to, held that language to be insufficient.

Likewise in the case of Tackett v. Mayo, 210 Ky. 299, there was a distinct recognition of the soundness of the doctrine in the other cases; but the sufficiency of the notice in that case was upheld because it required the contestee to answer "on the third day after the service of this notice," the court pointing out in the opinion that the third day after the service of the notice was a day certain because it involved only a simple calculation to ascertain what day was intended.

But counsel for appellant say that Weller v. Muenninghoff, 155 Ky. 77, is authority for their position that the notice is sufficient. A reading of that opinion, however, will disclose not only that the question was not discussed, but its language clearly indicates the contestee had in fact waived the question.

The notice of contest, therefore, being insufficient, and the lower court having so decided, it is wholly unnecessary to consider any other question.

Judgment affirmed.