## Leabow v. Jones, et al.

## Forester v. Leabow, et al.

(Decided October 25, 1927.)

## Appeals from Harlan Circuit Court.

1. Elections.—Under Ky. Stats., section 1550-28, requiring one contesting nomination of another to give written notice of contest and grounds thereof, and when contestee shall answer and defend, which shall not be less than three nor more than ten days after service thereof, where notice and grounds of contest were filed in office of clerk of circuit court August 25, and served on contestee same day, but copy served required contestee to answer August 26, in view of fact that return filed showed notice of hearing August 29, such notice served was insufficient, and on motion to quash, under section 3760, dismissing petition was proper.

2. Appeal and Error.—In election contest, under Ky. Stats., section 1565b-11, on equal division by Court of Appeals, trial court's finding that violations of Corrupt Practice Act were with knowledge of candidate will be affirmed.

FORESTER & CARTER, E. H. JOHNSON and C. B. SPICER for appellant Forester.

MORRIS & JONES and MARTIN T. KELLY for appellant Leabow.

LOW & BRYANT and LEE & SNYDER for appellee Jones.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Judgment dismissing contestant Leabow's petition af-
firmed. Judgment canceling contestee Forester's certi-
ficate of nomination affirmed by an equally divided court.

In the recent state primary, held August 6, 1927,
Isham G. Leabow, D. C. Jones, and J. G. Forester were
rival candidates for the Republican nomination for cir-
cuit judge in the Twenty-Sixth judicial district of Ken-
tucky, composed of Bell and Harlan counties. On the
face of the returns Forester received 9,589 votes, Jones
received 9,406 votes, and Leabow received 211 votes, and
the certificate of nomination was issued to Forester.
Thereafter Leabow instituted a contest against Forester,
making Jones also a party defendant, by which he
pleaded numerous grounds of contest, including vio-
lations of the several provisions of the Corrupt Practice
Act, committed by both Jones and Forester, which he
alleged avoided the certificate of nomination issued to
Forester, and deprived both him and Jones of the right
to be declared the Republican nominee for the office in
question. He pleaded that he did not violate any of the
provisions of the Corrupt Practice Act (Ky. Stats., sec.
1565b-1 et seq.), and therefore was entitled to be declared
the nominee. Jones also instituted contest against For-
ester, in which he pleaded most of the known grounds of
contest, including violations of the various provisions
of the Corrupt Practice Act. He sought to have Fores-
ter's certificate of nomination canceled and to be de-
clared the nominee of the Republican party for the office
in question. In both actions Forester denied the grounds
of contest pleaded against him, and pleaded grounds of
counter contest against the two contestants.

The actions were consolidated and heard and tried
together, and it was adjudged that Leabow's petition be
dismissed, because the notice and grounds of the contest
served upon Forester were not sufficient to give the court
jurisdiction, and as to both Forester and Jones that they
were guilty of violating the provisions of the Corrupt
Practice Act to such an extent that Forester's certificate
of nomination must be canceled and adjudged to be value-
less, and that therefore neither of them could be declared
to be the nominee for the office in question. Leabow's
petition was dismissed, Jones' petition was dismissed,
and Forester's certificate of nomination was canceled
and held for naught, and it was adjudged that no one of

the three candidates had been nominated. Jones has not prosecuted an appeal from that judgment, but both Leabow and Forester have appealed.

Appellant Leabow insists that the trial court erred in dismissing his grounds of contest for lack of jurisdiction. The facts upon which the trial court based this judgment are agreed, and are these:

The notice and grounds of contest were filed in the office of the clerk of the Harlan circuit court on August 25, 1927, and the sheriff's return thereon shows that a copy of the notice and grounds of contest was delivered to Forester on August 25, 1927. It is agreed that this was within five days from the time the election commissioners awarded the certificate of nomination. The notice and grounds of contest filed in the clerk's office complied with the provisions of section 1550-28, Kentucky Statutes, in that it aptly pleaded the grounds of contest and notified the contestee of the time when and place where he was required to answer and defend, the place being specified as the clerk's office of the Harlan circuit court in Harlan, Ky., and the time when being specified as Monday, August 29, 1927. The time fixed, as will be observed, was a definite time, not less than three nor more than ten days after the notice and grounds of contest were served on Forester. It is agreed that the notice and grounds of contest, as originally prepared, notified Forester to answer on Friday, August 26, 1927. It was found, however, that the notice could not be served on the contestees soon enough, so that the date fixed for answering would be as much as three days after the notice and grounds of contest were served on them, as the section, supra, of our Statutes requires.

Appellant Leabow himself then undertook to change the notice and grounds of contest, so that, instead of being required to answer on Friday, August 26, 1927, it should read "Monday, August 29, 1927." Three copies of the notice and grounds of contest had been prepared, one of which was to be delivered to contestee Forester, one to contestee Jones, and one to be returned by the sheriff serving the notice, and to be filed in the clerk's office of the county where served, as the section, supra, of our Statutes requires. Appellant Leabow failed to change the copy of the notice and grounds of contest which was delivered to contestee Forester, so that the copy which he received at the hands of the sheriff on

August 25, 1927, notified him that he must answer the grounds of contest therein set forth at the office of the clerk. of the Harlan circuit court in Harlan, Ky., on August 26, 1927.

The question was raised upon the trial below by a motion to quash the notice and ground of contest filed in the clerk's office and the officer's return thereon, and a plea to the jurisdiction of the court for the reason that a. copy of the notice had not been served on contestee Forester. This plea and motion was supported by the affidavit of contestee Forester, and the copy of the notice and grounds of contest which had been served on him August 25, 1927, which notified him to answer August 26, 1927, was filed therewith. The affidavit of appellant Leabow was filed, which disclosed the facts above indicated; that is, that he merely by oversight failed to amend the copy of the notice and grounds of contest which was delivered to contestee Forester, by changing the date from August 26th to August 29th. Thus it is established by the record conclusively that no copy of the notice and grounds of contest filed in the clerk's office by Leabow and made the basis of his contest against Forester for the nomination in question was delivered to him. At the time the question was raised more than five days had elapsed after the canvassing board had awarded the certificate of nomination, and it was too late then for contestant Leabow to give contestee Forester notice of contest. The trial court sustained the motion to quash the notice and grounds of contest and the officer's return thereon, and dismissed appellant's contest.

The pertinent portion of section 1550-28, Kentucky Statutes, reads:

> "Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend

such contest, which shall not be less than three, nor more than ten days after the service thereof."

It will be observed that one who contests the nomination of a candidate must give to him notice in writing of his intention so to do, and that the notice must state the grounds of contest. It must also state "the time and place, when and where the contestee shall be required to answer and defend such notice." The statute further expressly provides that the notice, in fixing the time when the answer must be made, must fix it on a date not less than three nor more than ten days after the date the notice and grounds of contest are served on the successful candidate.

The provisions of this section of our statutes have been construed in a number of cases. In Baxter v. Watts, 155 Ky. 12, 159 S. W. 608, the notice and grounds of contest required the contestee to answer and defend "within not less than three days and not more than ten days after the service of this notice on you." That notice was held to be insufficient and a special demurrer to the jurisdiction of the court was sustained. It was said:

"This section has no meaning unless the contestant is required to give the notice within five days after the election commissioners canvass the returns and give the election certificate. And in the notice he should, at least, fix a day not earlier than three nor more than ten days thereafter for the contestee to appear, and answer and defend. This is clearly expressed in the section and cannot be construed in any other way, and give meaning to the language used. The notice in this case did not fix any particular day within the three and ten days fixed in the statute for the contestee to appear and answer and defend. In our opinion the statute is mandatory in this regard, at least, and the court was right in dismissing the contest, and awarding the nomination to contestee."

The provisions of the statute were again before this court in Flannery v. Shanks, 155 Ky. 184, 159 S. W. 695, where again the notice and grounds of contest notified contestee to answer and defend "not less than three nor more than ten days after service of this notice." And again it was held that the provisions of the statute that

the notice must fix a day not earlier than three nor more than ten days after it is served on which the contestee must appear and answer are mandatory. In Layne v. Owsley, 210 Ky. 281, 275 S. W. 886, the notice required the contestee to answer "not later than the 17th day of August, 1925," from the date when that notice and grounds of contest was filed on the contestee. The 17th day of August, 1925, fell between the three and ten day period thereafter, but this notice for the reasons set forth at length in the opinion, was held to be insufficient. In each of those three cases the notice and grounds of contest was held to be insufficient, because it did not fix a definite date, not less than three nor more than ten days after it was served on contestees when the latter should answer and defend. The statutory requirement that that must be done was held to be mandatory, and in each of those cases, because the notice did not come up to the mandatory requirement of the statute, it was held that it was insufficient to bring the party contestee before the court, and to give the court jurisdiction to hear and determine the contest.

The notice and grounds of contest herein returned by the sheriff and filed in the clerk's office were sufficient. The sheriff's return recites that he delivered a copy of it to contestee Forester August 25, 1927. The notice, which was filed in the clerk's office, and which bore the sheriff's return indorsed on it, notified contestee Forester to answer August 29, 1927. It fixed a definite time and place when and where contestee should answer, which was not less than three nor more than ten days after it was served on contestee, as the statute, supra, requires. Contestee Forester moved to quash that notice and the officer's return on it, and denied the jurisdiction of the court to proceed with the trial of the contest, for the reason that he had not been served with copy of it, and therefore was not before the court. On the trial of this question the uncontradicted evidence established that contestee Forester was not served with a copy of the notice and grounds of contest filed in the clerk's office, that the officer's return thereon was false, and that the copy delivered to contestee notified him to appear, not on August 29th, but on August 26th, which was only one day after the notice was served on him.

This court has already put its construction upon the statute, supra. Its provisions that the notice shall fix a

definite time when the contestee must answer which shall be not less than three nor more than ten days after it is served upon him, have been held to be mandatory in the cases to which we have referred. If no change had been made in the copy returned to the clerk's office, and it, like the one served upon the contestee, had notified him to appear and answer August 26th, which was one day after it was served on him, it could not be contended, in the light of this court's opinions, supra, on the question, that the notice and grounds of contest would have been sufficient. Under those opinions, clearly a special demurrer to the jurisdiction of the court would have reached the question. It would then have appeared on the face of the pleadings that the court did not have jurisdiction. Is contestant Leabow in a better position, since the notice and grounds of contest served on appellant were insufficient for the reasons indicated, because the notice returned to the clerk's office was sufficient? We cannot think so. The statute, supra, requires the notice of contest to be given to the contestee. The notice is not given by filing it in the clerk's office. The papers filed in the clerk's office do not serve as notice to contestee. His notice must be served on him, and unless the notice served on him sets forth the grounds of contest and fixes a definite time, not less than three nor more than ten days from the date served, when and the place where he must answer, it is not sufficient to bring him before the court and give the court jurisdiction of him, so as to proceed with the contest.

The only difference in the two states of cases is that here the defect depriving the court of jurisdiction to proceed with the contest does not appear on the face of the papers. It became necessary, therefore, for the contestant to enter a plea to the jurisdiction of the court, and move to quash the notice and grounds of contest and the officer's return thereon, for the reason that contestee had not had delivered to him or been served with a copy of it, and that the officer's return showing that such was the fact was false. This he did. The motion to quash was a direct attack upon the return for mistake of the officer, as is provided by section 3760; Kentucky Statutes. It appearing without contradiction that appellant was not notified herein to answer at a definite fixed time, not less than three nor more than ten days after the notice was served on him, the trial court properly concluded that he

did not have jurisdiction to entertain the contest by which appellant Leabow undertook to have it adjudged that as between him and contestee Forester he received the Republican nomination for circuit judge at the primary election in question. The judgment dismissing appellant Leabow's petition will therefore be affirmed.

Appellant Forester insists that the judgment of the trial court canceling his certificate of nomination is erroneous and must be reversed. The nomination of appellant Forester was declared void by the trial court under the provisions of section 1565b-11, Kentucky Statutes, reading:

> "In any contest over the nomination or election of any officer mentioned in this act, it may be alleged in the pleadings that the provisions of this act have been violated by the candidate or by others in his behalf with his knowledge, and if it so appears upon the trial of said contest, then said nomination or election shall be declared void, and it is hereby provided that the candidate who has received the next highest number of votes and who has not violated the provisions of this act shall be declared nominated (or elected) unless it also appears that one of the parties to the contest received a plurality of the votes cast and did not violate the provisions of this act."

It will be observed under this section that a nomination may be declared void in a contest case only when it appears that some of the provisions of this (the Corrupt Practice) act "have been violated by the candidate or by others in his behalf with his knowledge." On the question whether it is to be concluded from the evidence on file herein that the violations of the provisions of the Corrupt Practice Act complained of herein were by others in behalf and *with the knowledge* of candidate Forester, the six members of the court sitting herein were unable to agree; three of them entertaining the view that such is the case and three that such is not the case. That being true, the judgment of the trial court that the violations of the Corrupt Practice Act were with the knowledge of appellant Forester will be affirmed by an evenly divided court.

For the reasons indicated on the appeal of appellant Leabow from the judgment dismissing his petition, the

judgment is affirmed; and on the appeal of appellant Forester from the judgment canceling and declaring void his nomination for the office in question the judgment is affirmed.

The whole court, except Judge Sampson, sitting.