## Davis v. Preston.

(Decided October 1, 1929.)

W. J. WARD for appellant.

FRED HOWES and M. C. KIRK for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the Republican primary held on August 3, 1929, William (Bug) Preston and John Davis were candidates for the office of sheriff. Preston received a majority of the votes and was awarded the certificate of nomination. Thereupon Davis contested his nomination. Preston challenged the jurisdiction of the court, and moved to quash the return on the notice on the ground that it was insufficient. His contention was sustained by the special judge, and the contest was dismissed. Davis appeals.

The returns were canvassed, the vote was tabulated, and the certificate of nomination was issued on August 6th. The first notice of contest was served August 9th on the wife of contestee, he being out of the state. This was in time provided the notice itself was sufficient. The statute provides that the notice "shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three, nor more then ten days after the service thereof." Ky. Stats., sec. 1550-28. Construing this statute we have held repeatedly that the provision as to time is mandatory, and that a failure to state the time when the contestee shall be required to answer and defend the contest is fatal to the validity of the notice and deprives the circuit court of jurisdiction. Baxter v. Watts, 155 Ky. 12, 159 S. W. 608; Flannery v. Shanks, 155 Ky. 184, 159 S. W. 695; Layne v. Owsley, 210 Ky. 281, 275 S. W. 886; Potter v. Reynolds, 210 Ky. 513, 276 S. W. 535; Leabow v. Jones, 221 Ky. 509, 299 S. W. 177. The record disclosed that the copy of the notice served on August 9th warned contestee to appear and file his answer in the office of the clerk of the Johnson circuit court "on the — day of August, 1929." Being indefinite as to time, there can be no doubt that the notice

was insufficient, and that the special judge did not err in so holding.

The only other question to be determined is, whether the second notice which was served on August 12th was sufficient. Under the statute the notice must be given within five days. Ky. Stats., sec. 1550-28. The time is calculated from the tabulation of the votes and ascertainment of the result, and the day on which this is done is counted, and also the day on which the notice is served, but Sunday is excluded. Damron v. Johnson, 192 Ky. 350, 233 S. W. 745. Counting August 6th, the day on which the board of election commissioners completed its work, and also August 12th, the day on which the notice was served, but excluding Sunday, August 11th, it appears that the notice was not served until the sixth day, which was not in time.

It follows that the special judge did not err in hold ing that neither notice was sufficient, and that he was without jurisdiction to entertain the contest.

Judgment affirmed.